IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LAKESHORE FARMS, INC., ) | Case No 18-50077-btf11 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**EMERGENCY MOTION FOR ENTRY OF INTERIM ORDER
PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. PROC. 4001
CONCERNING THE USE OF CASH COLLATERAL AND
<u>PROVIDING FOR ADEQUATE PROTECTION</u>**

Lakeshore Farms, Inc., Debtor and Debtor-in-Possession ("**Debtor**"), by and through counsel, Joanne B. Stutz of Evans & Mullinix, P.A., submits this emergency motion ("**the Motion**") for entry of interim ("**the Interim Order**") and final ("**the Final Order**") orders moves the court for entry of a preliminary order authorizing Debtor's use of cash collateral. In support of this Motion, Debtor represents the following.

**Factual and Procedural Background**

1. On the 28th day of February, 2018 ("**the Petition Date**") Lakeshore Farms, Inc., a Missouri corporation, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

2. Debtor is a farming operation, owned by Jonathan Russell and formed on January 26, 2001, with its principal place of business located at 24806 Highway 69, Forest City, Missouri 64551.

1. Debtor is indebted to Frontier Bank (formerly Richardson County Bank & Trust Co.)(hereinafter "**Bank**") pursuant to a series of Promissory Notes, originating in or about in March, 2015, and subsequently extended on multiple occasions, and Security Agreements

00774437

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
EMERGENCY MOTION FOR ENTRY OF INTERIM ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. PROC. 4001 CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION

(collectively referred to herein as "**the Loan Documents**"). Pursuant to the Loan Documents, Bank agreed to make certain loans and advances to Debtor, subject to and upon the terms and conditions contained therein.

2. To secure payment of the obligations owing to Bank and pursuant to the Loan Documents, Debtor granted Bank first and prior liens and security interests in substantially all of Debtor's assets. Bank's collateral, as more fully described in the Loan Documents, is hereafter collectively referred to as "**Prepetition Collateral**".

3. As of the Petition Date, the total principal indebtedness owed by Debtor to Bank was approximately $2,772,000.00.

4. Manville Farms ("**Manville**") and Great Western Bank ("**GWB**") may also claim an interest in Debtor's assets. However, that interest, to the extent it may be valid, is junior to that of Bank.

5. At the present time, it is imperative that Debtor obtain authority from this Court, in accordance with 11 U.S.C. § 363(c)(2), to use cash collateral in order to maintain its business operations, obtain post-petition Debtor in Possession lending ("**the DIP Loan**"), and protect its ability to reorganize in accordance with Chapter 11 of the Code.

**Relief Requested**

6. In accordance with Section 363(c)(2) of the Bankruptcy Code, Debtor requests that this Court authorize and approve Debtor's use of cash collateral for the payment of:

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
EMERGENCY MOTION FOR ENTRY OF INTERIM ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. PROC. 4001 CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION

    a.    The 2017 crop insurance in the amount of $210,552.00, which must be paid prior to March 15, 2018, in order to obtain crop insurance for the 2018 crop and as a requirement for the DIP Loan.

    b.    Critical Vendors, who are owed approximately $28,542.61.

    c.    Monthly expenses, which are not covered by the DIP Loan, of approximately $14,747.74.

    7.    While Debtor has not fully analyzed Bank's Loan Documents, Debtor does believe Bank holds a duly perfected first lien on Debtor's inventory, accounts receivable and proceeds. Debtor's cash generated from the sale of pre-petition inventory and collection of pre-petition accounts receivable is therefore "Cash Collateral" as defined by 11 U.S.C. § 363(a).

    8.    Debtor also believes Bank is fully, if not over, secured by the value of its collateral. Bank is owed approximately $2,772,000, while its collateral has a value of $5,923,000. The collateral includes crop insurance from 2013, which is not an asset of Debtor, in the amount of approximately $1,500,000.00.

    9.    Debtor currently holds the following checks:

    a.    Central Valley Ag check numbered 107839, dated 2/12/2018, and made payable to Lakeshore Farms, Inc. & Frontier Bank in the amount of $154,043.84. This represents proceeds from sales of grain which is Bank's cash collateral.

    b.    Agrifund, LLC check numbered 7338, dated 1/30/2018, and made payable to Lakeshore Farms, Inc. & Frontier Bank & Manville Farms in the amount of

$117,394.69.  This represents a refund for Debtor's overpayment of the 2017 loan.

c. Central Valley Ag check numbered 107917, dated 2/19/2018, and made payable to Lakeshore Farms, Inc. & Frontier Bank in the amount of $109,940.26.  This represents proceeds from sales of grain which is Bank's cash collateral.

d. Hiawatha Implement Co., Inc. check numbered 027917, dated 2/272018, and made payable to Lakeshore Farms, Inc. & Frontier Bank in the amount of $154,043.84.  This represents proceeds from the sale of a Planter, model 1770NT, which is Bank's cash collateral.

10.    The proposed replacement lien in Postpetition Collateral shall be in an amount equal to but not to exceed the Cash Collateral used and to the extent that use of the Cash Collateral results in any decrease in the aggregate value of Bank's liens on Debtor's property on the Petition Date.  However, this replacement lien shall be subordinate to the DIP Lender, which shall have a senior lien in Debtor's 2018 crop.  As Debtor believes that the total value of the assets securing Bank's claim far exceeds the amount of Bank's claim, Debtor asserts that this post-petition grant of a security interest in Postpetition Collateral will provide more than adequate protection to Bank.

11.    In the event this Court does not authorize Debtor's use of Cash Collateral for the purposes stated herein, Debtor believes it will be unable to maintain its current business operations and propose a plan of reorganization as contemplated by the Bankruptcy Code.  Without the use of

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
EMERGENCY MOTION FOR ENTRY OF INTERIM ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. PROC. 4001 CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION

Cash Collateral, Debtor will be seriously and irreparably harmed, resulting in significant losses to Debtor's estate and its creditors.

12. In filing this Motion, Debtor does not absolutely admit that Bank holds valid, perfected or enforceable prepetition liens and security interests in and to any of the Prepetition Collateral and Debtor does not waive the right to contest the validity, perfection, or enforceability of Bank's alleged prepetition liens and security interests in and to any such property.

WHEREFORE, Debtor prays for entry of an order authorizing the post-petition use of cash collateral, the granting of a limited post-petition lien in favor of Bank in an amount equal to the cash collateral and inventory used, and for such other and further relief as the court deems proper in the premises.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Joanne B. Stutz*
Joanne B. Stutz, KS #12365; MO #30820
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (Fax)
jstutz@emlawkc.com
*Attorneys for Lakeshore Farms, Inc.*

# Budget

## Full Farm

| Expense | ARM | Other | 3rd Party | Total |
|---|---|---|---|---|
| Custom | - | - | - | - |
| Fuel | $105,037 | - | - | $105,037 |
| Harvesting | $245,086 | - | - | $245,086 |
| Insecticide | - | - | - | - |
| Labor | $52,518 | - | - | $52,518 |
| Repairs | $49,017 | - | - | $49,017 |
| Subtotal | | | | |
| Equipment Lease | $39,346 | - | - | $39,346 |
| Equipment Lease | $8,867 | - | - | $8,867 |
| Insurance | - | - | - | - |

## Soybeans

| Expense | ARM | Other | 3rd Party | Total | ARM | Other | 3rd Party | Total |
|---|---|---|---|---|---|---|---|---|
| Fertilizer | - | - | - | - | | | | |
| Fungicide | - | $12.00 | - | $12.00 | - | $84,029 | - | $84,029 |
| Insecticide | - | - | - | - | | | | |
| Fuel | $15.00 | - | - | $15.00 | $105,037 | - | - | $105,037 |
| Repairs | $7.00 | - | - | $7.00 | $49,017 | - | - | $49,017 |
| Harvesting | $35.00 | - | - | $35.00 | $245,086 | - | - | $245,086 |

The above budget has been prepared by ARM, the DIP lender, and identifies who will be advancing credit for the line items. In addition to these items, Debtor will incur the following obligations, which total $284,342.35:

| To Whom | Amount | Purpose |
|---|---|---|
| The following shall be paid, initially from funds provided by Jonathan Russell, then from cash collateral. | | |
| Union Bank & Trust | $1,026.88 per month | 2015 Ford F-350 |
| TD Auto | $2,083.40 per month | Two vehicle loans ( |
| Trans Lease | $1,637.46 per month | Two equipment leases |
| Evans & Mullinix | $10,000.00 per month | Attorney Fees |
| US Trustee | To be determined | Quarterly Fees |
| The following shall be paid from the cash collateral | | |
| Rain and Hail | $210,552.00.00 | 2017 Crop Insurance |
| Riley's Tire | $6,000.00 (Approx) | Tire Repairs |
| Foley Equipment | $12,542.61 | Semi Repairs |
| Miscellaneous Parties | $38,000.00 | Labor and fuel to haul rest of grain, |
| KCPL | $1,200.00 | Electricity |

00774094

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

IN RE:                                                        )
                                                              )
LAKESHORE FARMS, INC.,                       )        Case No. 18-50077-btf11
                                                              )        Chapter 11
                    Debtor.                           )
                                                              )

**<u>INTERIM ORDER APPROVING DEBTOR'S
MOTION CONCERNING THE USE OF CASH COLLATERAL
AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS</u>**

ON the _____ day of _____, 2018, came on for consideration the Debtor's Motion for Approval of Preliminary Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. Proc. 4001 Concerning the Use of Cash Collateral and Providing for Adequate Protection and Related Matters. Joanne B. Stutz of Evans & Mullinix, P.A. appeared on behalf of Lakeshore Farms, Inc., the Debtor. Other appearances are as noted on the record.

WHEREUPON, having considered the statements of counsel and the file and evidence before it, the Court finds that good cause exists for entry of an order approving the Debtor's use of cash collateral. The Court further finds as follows:

1.      Debtor has complied with the notice requirements of Bankruptcy Rule 4001(b) and (d).

2.      Frontier Bank's (hereinafter "Bank") total claims as of the Petition Date is approximately $2,772,000.00. The value of Bank's security interest in certain pre-petition assets of Debtor and proceeds as of the Petition Date is approximately $5,923,000.00.

3.      Bank has made a prima facie showing that it has a duly perfected first lien on pre-petition assets of Debtor which secures a claim in the approximate amount of $2,772,000.00 as of the Petition Date. Debtor's cash generated from the sale of pre-petition inventory and

00774451

collection of pre-petition accounts receivable is therefore "cash collateral" as defined by 11 U.S.C. § 363(a).

4. Debtor has made a prima facie showing that its income from post-petition operations shall be at least equal to its post-petition expenses and that the aggregate value of its receivables and proceeds shall be at least equal to the amount of cash collateral used by Debtor in its operations.

5. As adequate protection for the use of its cash collateral, Bank shall be granted a replacement lien on Debtor's post-petition receivables and proceeds, to the extent that Debtor's use of cash collateral results in a decrease in the aggregate value of Bank's liens on Debtor's property on the Petition Date and if such decreases cause Bank to be insecure.

6. Debtor and Bank stipulate that the amount due to Bank is as set forth above and that Bank held a duly perfected first lien on certain of Debtor's pre-petition assets as of the Petition Date. This stipulation is only binding upon Bank and Debtor and is effective only for the purposes of enabling Debtor to use cash collateral.

7. This is an interlocutory order which may be modified for cause shown on application by Debtor, Bank or any other party in interest on due notice, or following the final hearing on Debtor's motion to use cash collateral. However, no such modification shall deprive Bank of adequate protection of its interest in Debtor's property to the extent that such protection is required by the Bankruptcy Code and other applicable law.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Debtor shall be and hereby is granted the limited use of Cash Collateral as conditioned above on an interim basis.

IT IS FURTHER ORDERED that this Interim Order shall become effective and enforceable upon approval and entry as an Order of the Bankruptcy Court. If any provision of this Interim Order is modified, vacated or stayed by a subsequent Order of the Court, such modification, vacation or stay shall not affect the validity of any obligation or liability incurred pursuant to this Interim Order and prior to the effective date of such modification, vacation or stay.

IT IS FURTHER ORDERED that this interim Order shall expire upon the entry of a final Order approving use of Cash Collateral, unless extended by further order of the Court or by the express written consent of Lakeshore Farms, Inc.

IT IS FURTHER ORDERED that a final hearing on Debtor's Motion shall be conducted on **_____, 2018, at _____ p.m.**

IT IS FURTHER ORDERED that the provisions of this Interim Order shall be binding and inure to the benefit of Bank and Debtor, and their respective successors and assignees, including without limitation any Chapter 11 or Chapter 7 trustee, examiner or other fiduciary hereafter appointed for Debtor or with respect to any of Debtor's property.

IT IS FURTHER ORDERED that Debtor shall, within two (2) business days after entry of this Interim Order, provide notice of entry of this Interim Order and mail copies of this Interim Order to the twenty (20) largest unsecured creditors, the Lenders and any party who has requested notice and does not receive such notice electronically. Said Notice shall state that objections to the relief granted by the Interim Order shall be in writing and shall be filed with the United States Bankruptcy Clerk for the Western of Missouri on or before **the ___ day of March, 2018**, ("**the Objection Deadline**"). Any objections which are not filed by the

Objection Deadline shall be deemed waived.  Any party who has filed an objection but fails to appear at the hearing shall be deemed to have withdrawn its objection.

    IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Debtor's Motion to use cash collateral is hereby approved.

    It is FURTHER ORDERED that Debtor shall serve notice of this Order on all parties requesting notice, the twenty largest unsecured creditors, the United States Trustee, and any party required by the Local Rules of Procedure to receive notice.  All parties receiving such notice shall have fifteen days from the date of service within which to file objections, if any, to this Order, with any timely objections to be set for hearing before the court.

    It is FURTHER ORDERED that if no such objections are filed this ORDER shall become final fourteen days after service.

    Dated this ___ day of _____, 2018.

                                          Hon..Brian T. Fenimore
                                          United States Bankruptcy Judge

Submitted by:

EVANS & MULLINIX,  P.A.

Joanne B. Stutz, KS#12365, MO#30820
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (FAX)
jstutz@emlawkc.com
*Attorneys for Debtor-in-Possession*