IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LAKESHORE FARMS, INC., | ) | Case No 18-50077-btf11 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**MOTION FOR AUTHORIZATION
TO PAY CLAIMS OF CRITICAL TRADE VENDORS**

COMES NOW Lakeshore Farms, Inc., the Debtor and Debtor-in-Possession herein, by and through counsel, Joanne B. Stutz of Evans & Mullinix, P.A., and seeks authorization to pay the current amounts due critical trade vendors. In support of this Motion the Debtor represents the following:

1. On the 28th day of February, 2018 ("**the Petition Date**") Lakeshore Farms, Inc., a Missouri corporation, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

2. The Debtor is a farming operation, owned by Jonathan Russell and formed on January 26, 2001, with its principal place of business located at 24806 Highway 69, Forest City, Missouri 64551.

3. This court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this court pursuant to 28 U.S.C. §§1408 and 1409.

4. In order to obtain and facilitate essential post-petition services from vendors so that the Debtor may conduct its farming operations, the Debtor seeks authorization to pay the

00775004 1

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
MOTION FOR AUTHORIZATION TO PAY CLAIMS OF CRITICAL TRADE VENDORS

amounts owed on the Petition Date on current bills to the following vendors who the Debtor considers critical to its reorganization efforts ("**the Critical Vendors**").

| Name | Amount to Pay | Services |
| --- | --- | --- |
| Petro Card 24 (MFA Oil Company) | $10,000.00 | Debtor purchases fuel for hauling grain and planting. |
| Foley Equipment | $12,542.61 | Repairs semis and currently in is possession of one due to unpaid bill. |
| Riley's Tire | Approx. $6,000.00 | Tire Repairs.  This in Jon Russell's name but solely used for Lakeshore and is the only local source for this service. . |
| Rain and Hail | $210,552.00 | Crop insurance. |

5.      The Debtor proposes to pay the prepetition claims of the Critical Vendors, in the amounts reflected above, provided that the Critical Vendors agree to continue to provide the Debtor with services on terms that are the same or better than those provided to the Debtor during the calendar quarter immediately prior to the Petition Date.  The Debtor reserves the right to obtain written confirmation of the acceptable credit terms prior to paying a Critical Vendor.

6.      An interruption in the services provided by the Critical Vendors would impair the Debtor's efforts to rehabilitate and reorganize.  If the services are not provided the Debtor will be unable to operate efficiently, the Debtor's estate would suffer substantial harm by reason of the associated increases in costs and ultimate reduction in revenue.  The interests of the Debtor and all parties in interest will be best served if the Debtor is authorized to pay the Critical Vendors as set forth herein.

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
MOTION FOR AUTHORIZATION TO PAY CLAIMS OF CRITICAL TRADE VENDORS

7. 11 U.S.C. §105(a) grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under applicable equitable common law principles by providing that:

> The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

8. "The ability of a bankruptcy court to authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). This equitable common law principle "was first articulated by the U.S. Supreme Court in *Miltenberger vs. Logansport*, C&S.W.R. Co., 106 U.S. 286, 1 S.Ct. 140, 27 L.Ed. 117 (1882), and is commonly referred to as either the 'doctrine of necessity' or the 'necessity of payment rule'. *In re Ionosphere Clubs, Inc.*, 98 B.R. at 176, "The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during Chapter 11." *In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999). "The necessity of payment doctrine recognizes that paying certain prepetition claims may be necessary to realize the goal of Chapter 11 – a successful reorganization." *Id.* At 825-26.

9. Under the doctrine of necessity, a bankruptcy court may exercise its equitable power to authorize a debtor to pay certain critical prepetition claims, even though such payment is not explicitly authorized under the Bankruptcy Code. See *In re Columbia Gas System*, 136 B.R. 930, 939 (Bankr. D. Del. 1992). Approval of this motion is essential in order to advance the

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
MOTION FOR AUTHORIZATION TO PAY CLAIMS OF CRITICAL TRADE VENDORS

Debtor's rehabilitation – the paramount policy underlying and goal of this Chapter 11 case. See *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527, 104 S. Ct. 1188, 1197, 79 L. Ed. 2d (1984).

10. The relief requested herein is essential, appropriate and in the best interests of the Debtor's estate and all parties in interest.

WHEREFORE, the Debtor prays for entry of an order authorizing payment to the Critical Vendors in the amounts set forth above and on the terms set forth herein and for such other and further relief as the court deems proper in the premises

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Joanne B. Stutz*
Joanne B. Stutz, KS #12365; MO #30820
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (Fax)
jstutz@emlawkc.com
*Attorneys for Lakeshore Farms, Inc.*

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
MOTION FOR AUTHORIZATION TO PAY CLAIMS OF CRITICAL TRADE VENDORS

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing Motion to Pay Critical Vendors was, on this 1st day of March, 2018, filed and served electronically by the Clerk of the Court to all parties receiving electronic notice and by telefax to the following list of Top Twenty Creditors, as well as to the identified Critical Vendors.

Credit Manager
MFA Oil Company,
PO Box 519
Columbia, MO  65205
(573) 876-0325 (Fax)

Rain and Hail, L.L.C.
Midwest Division
9200 Northpark Drive, Suite 200
Johnston, IA  50131
(515) 559+1101 (Fax)

Foley Industries
3619 Pear Street
St. Joseph, MO  64503
(816) 233-2515 (Fax)

Graybill Tire and Repair, LLC
1301 225th Street
Rock Port, MO  64482
(660) 744-6385 (Fax)

Riley's Tire
101 S. Madison St.
Oregon, MO 64473

　　　　　　　　　　　　　　　　　　　　*/s/ Joanne B. Stutz*
　　　　　　　　　　　　　　　　　　　　Joanne B. Stutz