# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

In re:                                )
                                      )
**LAKESHORE FARMS, INC.**             )    **Case #: 18-50077-BTF-11**
                                      )
            Debtor.                   )
                                      )

## LIMITED OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS AND FOR REQUEST FOR EXPEDITED HEARING

**COMES NOW** Johnathan and Sarah Russell, by and through their counsel, Janice E. Stanton, and for their limited Objection to Request for Production of Documents and Request for Expedited Hearing, states and alleges as follows:

1. The Debtor filed for relief under Chapter 11 on February 28, 2018.

2. Johnathan Russell is the sole shareholder of the debtor. Sarah Russell is the wife of Johnathan Russell.

3. A Motion to Approve a Settlement Agreement by and between debtor, Johnathan and Sarah Russell, Manville Farms, and Great Western Bank and for Expedited Hearing was filed on March 9, 2018 (Doc. 46).

4. The §341 Meeting of Creditors in this case is scheduled for April 5, 2018.

5. The United States Trustees (hereinafter UST) office has noticed up the 2004 examination of Johnathan Russell for March 14, 2018. The UST's office seeks to examine the debtor to determine whether or not to object to the Motion to Approve Settlement. The Notice provided that Mr. Russell is to bring to the examination a number of documents. Attached hereto and incorporated herein by this reference as Exhibit "A", is the Amended Notice of the 2004. With

the exception of a few items, within a couple of hours, the documents requested were provided to the UST's office.

6. As set out in the Motion to Approve Settlement, a provision of the settlement agreement requires the Russells to convey property in which they are the sole owners to Great Western Bank. The debtor will not be conveying any property under the settlement.

7. The Russells and the debtor object to some of the documents requested by the UST. First, the UST's office has requested the Russells' 2015-2017 personal tax returns (Document Request #10). Counsel for the Russells inquired of the UST as to the relevance of the personal tax returns. The UST's office responded that the tax returns were necessary to determine ownership of the property to be conveyed and to assist in determining whether any property has been transferred from the debtor to Russell. The Russells have provided the UST office with a title commitment dated February, 2018, showing that the property to be conveyed is solely owned by the Russells. Whether or not transfers ever occurred between the debtor and Russell is not relevant to the issue coming before the Court. The Russells have stated that none of the property to be conveyed has ever been in Lakeshore's name or owned by Lakeshore. Moreover, it is questionable whether "transfers" as requested would be disclosed in tax returns. Finally, the Russells have provided personal financial information which discloses more pertinent information than tax returns would.

8. The UST's office also requested that the debtor provide information regarding GDD Lakeshore Properties, LLC ("GDD") (Document Request #2 & #9). The GDD is not a party to the settlement and there has been no indication it has anything to do with the Manville litigation or Great Western Bank. The UST will have ample time to examine the debtor at the 341 meeting with respect to the relationship with GDD, if any. The UST office also requested information regarding

the payment of attorney's fees to debtor's counsel by Russell. Again, it is unclear how this is relevant to the issue at hand.

9. The Russells and debtor also object to Request #3. The UST may very well inquire into the payments from the debtor to the Russells as set forth in the Statement of Financial Affairs at the 341 meeting. The information is irrelevant to the focus of the 2004 examination.

10. The 2004 examination is to begin at 10:00am. The undersigned requests an expedited hearing should the Court be available shortly before the 2004 is to begin.

**WHEREFORE**, the Russells pray for an order sustaining the objections to the production of Document Requests 2, 3, 9, and 10 as stated herein, and for an expedited hearing; and for such other relief deemed just and necessary.

*Respectfully submitted,*

*/s/ Janice E. Stanton*
**JANICE E. STANTON, MO. BAR NO. 34055**
Stanton & Redlingshafer, L.L.C.
104 West 9th Street - Suite 303
Kansas City, Missouri  64105
Telephone:  816/421-7770
Facsimile:   816/421-7773
*Attorney for Jonathan and Sarah Russell*

## CERTIFICATE OF SERVICE

I, Janice E. Stanton, hereby certify that on the **13th** day of **March, 2018**, the above and foregoing Objection was electronically filed with the Clerk of the United States Bankruptcy Court for the Western District of Missouri and electronic notice of the same was made by the Office of the Clerk upon parties of interest registered on the ECF system, and a true and correct copy of Objection was served via email to the Office of the United States Trustee.

*/s/ Janice E. Stanton*
**Janice E. Stanton**