IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LAKESHORE FARMS, INC., | ) | Case No. 18-50077-btf11 |
| | ) | Chapter 11 |
| Debtor. | ) | Related Doc. 12 |
| | ) | |

**FINAL ORDER APPROVING DEBTOR'S
MOTION CONCERNING THE USE OF CASH COLLATERAL
AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS**

On the 26th day of March, 2018, the Court conducted a hearing on Debtor's motion for entry of a final order concerning the use of cash collateral and providing for adequate protection (Doc. No. 12) ("**Motion**"). Appearances are as noted on the record.

WHEREUPON, having considered the pleadings, testimony, statements of counsel, the file and evidence before it, the Court finds that good cause exists for entry of a final order approving Debtor's use of cash collateral pursuant to the terms and conditions set forth herein. The Court further finds as follows:

1.  On February 28, 2018, Debtor initiated this bankruptcy case by filing its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code (the "**Petition Date**"). Debtor remains in possession of its property and in control of its affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

2.  This Court has jurisdiction over Debtor's Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. The subject of the Motion and the relief therein requested arise under 11 U.S.C. § 363(c) and Fed.R.Bankr.P. 4001(b).

3.  Debtor has complied with the notice requirements of Fed.Bankr.R.P. 4001(b) and (d).

00774451 8

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
FINAL ORDER APPROVING DEBTOR'S MOTION CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS
Page 2 of 10

4. Debtor is indebted to Frontier Bank (formerly Richardson County Bank & Trust Co.) (hereinafter "**Frontier**") pursuant to a series of Promissory Notes, originating in or about in March, 2015, and subsequently extended on multiple occasions, and Security Agreements (collectively referred to herein as "**the Loan Documents**"). Pursuant to the Loan Documents, Frontier agreed to make certain loans and advances to Debtor, subject to and upon the terms and conditions contained therein.

5. Frontier's total claim as of the Petition Date is approximately $3,323,820.00. The value of Frontier's security interest in pre-petition inventory, accounts receivable and proceeds as of the Petition Date is approximately $2,592,300.00.

6. Frontier has a duly perfected first lien on Debtor's assets (the "Collateral"). Therefore, the cash generated from the sale of any of the 2017 pre-petition grain and collection of pre-petition accounts receivable, if any, is therefore "cash collateral" as defined by 11 U.S.C. § 363(a).

7. On March 16, 2018, this Court entered an Interim Order (Doc. No. 68) approving Debtor's Motion which authorized, among other things, the limited use of cash collateral for the specific items enumerated in the Interim Order,. Those terms are incorporated into this Order and revised as follows:

    a. An adequate protection payment to Frontier in the amount of $60,000.00, which is currently held in the trust account of Frontier's counsel's firm pursuant to the Court's Interim Order;

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
FINAL ORDER APPROVING DEBTOR'S MOTION CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS
Page 3 of 10

  b. Grain sale proceeds recently received by Debtor's counsel from Central Valley Ag in the amount of $123,835.72, which proceeds are currently held in Debtor's counsel's trust account (the "Grain Sale Proceeds"); and

  c. Equipment sale proceeds recently received by Frontier from Kansas City Peterbilt, Inc. in the amount of $29,000.00, which proceeds are currently held by Frontier in a general ledger account (the "Equipment Sale Proceeds").

 8. Debtor and Frontier stipulate that the amount due to Frontier is as set forth above and that Frontier held a duly perfected first lien on Debtor's assets as of the Petition Date. This stipulation is only binding upon Frontier and Debtor and is effective only for the purposes of enabling Debtor to use cash collateral.

 9. Debtor has alleged that its net income from post-petition operations shall be at least equal to its post-petition expenses and that the aggregate value of its receivables and proceeds shall be at least equal to the amount of cash collateral used by Debtor in its operations.

 10. Debtor's Motion seeks ongoing authorization to use Frontier's cash collateral for the payment of ongoing ordinary expenses of Debtor's farming operations for a nine (9) month period (March 2018 – November 2018) in accordance with the attached Budget (the "Budget").

 11. It is vital that Debtor continue to operate its business in the ordinary course of its business in order to fulfill its obligations to its employees and customers and assure vendors and suppliers that business operations will continue as usual without disruption. Debtor cannot maintain operations without the ongoing use of cash collateral for operating expenses.

Case 18-50077-btf11    Doc 86    Filed 03/28/18    Entered 03/28/18 07:47:01    Desc Main
              Document      Page 4 of 12

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
FINAL ORDER APPROVING DEBTOR'S MOTION CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS
Page 4 of 10

12. Frontier consents to the Budget and the corresponding use of its cash collateral requested by Debtor. Debtor shall not spend or otherwise use Cash Collateral, except as set forth in the Budget provided, however, that: (i) any line item appearing in said Budget may be exceeded during any one calendar month by not more than ten percent (10%); and (ii) the aggregate total of all line items appearing in the entire Budget during any calendar month may be exceeded by not more than ten percent (10%). Notwithstanding the foregoing, if Frontier consents in writing following reasonable notice to Frontier, Debtor may incur an expense not included in the Budget or may exceed a line item appearing therein by more than the above stated limitations. Without first obtaining the express written consent of Frontier or a Court order after a hearing held following reasonable notice to Frontier and an opportunity for Frontier to be heard regarding the issuance of any such order, Debtor shall not incur any expense or pay any expense not reflected in the Budget or exceed a line item appearing therein by more than the above stated limitations

13. As adequate protection for Debtor's use of Frontier's cash collateral, the following shall be provided to Frontier as this Court's Order:

   a. Frontier's counsel is authorized to release to Frontier the adequate protection payment of $60,000.00 previously authorized in the Interim Order.

   b. From the Grain Sale Proceeds, Debtor's counsel shall disburse to Frontier an adequate protection payment of $30,000.00. The remainder of the Grain Sale Proceeds shall be disbursed to Debtor for its use as cash collateral consistent with this Order and the Budget.

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
FINAL ORDER APPROVING DEBTOR'S MOTION CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS
Page 5 of 10

    c.    Frontier is authorized to retain the Equipment Sale Proceeds as a further adequate protection payment and apply such amount pursuant to the Loan Documents.

    d.    Any grain sale proceeds received by Debtor from Debtor's 2017 grain crop following the entry of this Order shall be disbursed as follows:

        i.    The first $100,000.00 of such proceeds shall be disbursed to Debtor to hold and use as cash collateral pursuant to the terms and conditions of this Order and the Budget; and

        ii.    Any excess of such proceeds over $100,000.00 shall be disbursed to Frontier as further adequate protection payments.

    e.    Pursuant to Bankruptcy Code §552(b) and the Loan Documents, Frontier holds a valid, perfected, enforceable and non-avoidable first priority lien on and security interest in, among other things, all of the Collateral.

    f.    Debtor's obligations to Frontier constitute legal, valid and binding obligations of Debtor, enforceable in accordance with the terms of the Loan Documents applicable thereto. Debtor has no objection, offset, defense or counterclaim of any kind or nature to such obligations, which, together with any amounts previously paid to Frontier on account thereof, are not, and will not be, subject to avoidance, recovery, reduction, disallowance, disgorgement, other non-consensual treatment or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

00774451 8        5

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
FINAL ORDER APPROVING DEBTOR'S MOTION CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS
Page 6 of 10

g. Frontier's Claim is a secured claim to the extent permitted by Bankruptcy Code §506(a), including, but not limited to, the principal amounts, interest thereon in the manner set forth in the existing Loan Documents, and the costs and fees, including reasonable attorneys' fees, expenses, charges and other sums incurred and to be incurred by Frontier in connection with this case.

h. With the exception of the security interest and liens granted by Debtor pursuant to a final Order of the Court authorizing Debtor to obtain post-petition financing, Debtor shall not, without an Order of this Court, grant any entity, other than Frontier, a security interest in or lien on any of the assets of Debtor, including the Collateral, the cash collateral, and all other assets subject to the liens held by Frontier, including the replacement liens provided for herein, having priority or parity with Frontier's secured interest in such assets without the prior express written consent of Frontier.

i. The adequate protection and all other rights and remedies of Frontier granted by the provisions of this Order shall survive, and shall not be modified, impaired, or discharged by the entry of an order converting this bankruptcy case to a case under chapter 7, dismissing this bankruptcy case, appointing a Chapter 7 or Chapter 11 trustee, or by any other act or omission, nor shall the adequate protection or any of the other rights and remedies of Frontier granted by the provisions of this Order be modified, impaired or discharged by the entry of an order confirming a plan of reorganization in this bankruptcy case.

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
FINAL ORDER APPROVING DEBTOR'S MOTION CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS
Page 7 of 10

j.  If an order converting or dismissing this bankruptcy case is at any time entered, such order shall provide that (a) the adequate protection granted to Frontier pursuant to this Order shall continue in full force and effect and shall maintain its priorities as provided in this Order until any and all adequate protection obligations shall have been paid and satisfied in full, and such adequate protection liens shall remain binding on all parties in interest notwithstanding such dismissal and (b) the Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests or replacement security interests referred to in (a) above.

k.  If any or all of the provisions of this Order are hereafter reversed, modified, vacated or stayed, such reversal, stay, modification or vacation shall not affect (a) the validity of any adequate protection obligations incurred prior to the actual receipt of written notice by Frontier of the effective date of such reversal, stay, modification or vacation or (b) the validity or enforceability of any security interest, lien or priority authorized or created hereby or pursuant to this Order with respect to any adequate protection obligations.  Notwithstanding any such reversal, stay, modification or vacation, any adequate protection obligations incurred by Debtor to Frontier prior to the actual receipt of written notice by Frontier of the effective date of such reversal, stay, modification or vacation shall be governed in all respects by the provisions of this Order.

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
FINAL ORDER APPROVING DEBTOR'S MOTION CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS
Page 8 of 10

l.  Except as otherwise expressly provided in this Order, in the event of any conflict between the provisions of this Order and the Motion, the provisions of this Order shall govern.

m.  Until or unless this Order is modified by the Court, the provisions of this Order shall be binding upon all parties in interest in this bankruptcy case, including Frontier and Debtor and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected) and shall inure to the benefit of Frontier and Debtor and their respective successors and assigns.

n.  Nothing contained herein shall constitute a waiver of any rights of Frontier under any of the Loan Documents, including any right to seek payment of interest, default interest, or any defeasance or other prepayment fee, all of which rights are hereby expressly preserved.

o.  Notwithstanding any other provision hereof, the grant of adequate protection to Frontier is without prejudice to (a) Frontier's or Debtor's right to seek modification of the grant of adequate protection provided hereby so as to provide different or additional adequate protection; and (b) the right of any other party in interest to contest any such modification.

14.  Frontier to the extent of its lien interests in the cash collateral, shall be granted replacement liens in (1) the Debtor's current assets that will have the same priority as their prepetition liens; and (2) the Debtor's 2018 crops, government program payments attributable to

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
FINAL ORDER APPROVING DEBTOR'S MOTION CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS
Page 9 of 10

Debtor's 2018 crops, and crop insurance proceeds attributable to Debtor's 2018 crops that are junior to the liens granted to the Debtor's post-petition financing lenders.

15. Debtor's authorization to pay the operating expenses as set forth in this Order and pursuant to the Budget serves the best interests of Debtor's creditors and the bankruptcy estate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Debtor's Motion is granted pursuant to the terms and conditions herein stated and Debtor shall be and hereby is granted the use of cash collateral as conditioned above.

IT IS FURTHER ORDERED if any provision of this Order is modified, vacated or stayed by a subsequent Order of the Court, such modification, vacation or stay shall not affect the validity of any obligation or liability incurred pursuant to this Order and prior to the effective date of such modification, vacation or stay.

IT IS FURTHER ORDERED that the provisions of this Order shall be binding and inure to the benefit of Frontier and Debtor, and their respective successors and assigns, including without limitation any Chapter 11 or Chapter 7 trustee, examiner or other fiduciary hereafter appointed for Debtor or with respect to any of Debtor's property.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Debtor's Motion to use cash collateral is hereby approved on a final basis.

It is FURTHER ORDERED that if no objections are filed this Order shall become final fourteen days after service.

It is FURTHER ORDERED that notwithstanding anything to the contrary in Bankruptcy Rule 6004, the Order shall take effect immediately.

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
FINAL ORDER APPROVING DEBTOR'S MOTION CONCERNING THE USE OF CASH COLLATERAL AND
PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS
Page 10 of 10

    IT IS SO ORDERED.

Dated: 3/28/2018                          /s/ Brian T. Fenimore
                                              Hon. Brian T. Fenimore
                                              Bankruptcy Judge

Submitted by:

Evans & Mullinix, P.A.

*/s/ Joanne B. Stutz*
Joanne B. Stutz, Ks #12365; Mo #30820
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (Fax)
jbs@evans-mullinix.com
*Attorneys For The Debtor*


**LEVY CRAIG LAW FIRM**
A Professional Corporation

By    */s/ Michael M. Tamburini*
Michael M. Tamburini     MO #35033
4520 Main Street, Suite 1600
Kansas City, Missouri 64111
(816) 474-8181
Fax: 816/382-6606
mtamburini@levycraig.com
*Attorneys for Creditor Frontier Bank fka*
*Richardson County Bank & Trust Co.*

# LAKESHORE FARMS, INC.
## Nine Month Budget

| Source | Purpose | Mar-18 | Apr-18 | May-18 | Jun-18 | Jul-18 | Aug-18 | Sep-18 | Oct-18 | Nov-18 |
|---|---|---|---|---|---|---|---|---|---|---|
| ARM | Land Leases | $ 1,724,583.00 | | | | | | | | |
| CC | Labor | $ 18,000.00 | | | | | | | | |
| CC | Fuel | $ 20,000.00 | | | | | | | | |
| CC | Repairs | $ 19,000.00 | | | | | | | | |
| CC | Farm Bureau | $ 2,804.83 | | | | | | | | |
| CC | Veh. Paymt | $ 1,046.00 | | | | | | | | |
| Co-Dist | Seed | | $ 217,076.00 | | | | | | | |
| Co-Dist | Herbicide | | $ 225,239.00 | | | | | | | |
| ARM | Labor | | $ 7,000.00 | | | | | | | |
| ARM | Leases | | $ 73,163.00 | | | | | | | |
| ARM | Fuel | | $ 20,000.00 | | | | | | | |
| CC | Repairs | | $ 19,000.00 | | | | | | | |
| CC | Veh. Paymt | | $ 3,250.00 | | | | | | | |
| CC | Farm Bureau | | $ 2,804.83 | | | | | | | |
| Co-Dist | Herbicide | | | $ 84,029.00 | | | | | | |
| ARM | Labor | | | $ 7,000.00 | | | | | | |
| ARM | Fuel | | | $ 10,000.00 | | | | | | |
| ARM | Repairs | | | $ 5,000.00 | | | | | | |
| CC | Veh. Paymt | | | $ 3,250.00 | | | | | | |
| CC | Farm Bureau | | | $ 2,804.83 | | | | | | |
| ARM | Labor | | | | $ 7,000.00 | | | | | |
| ARM | Fuel | | | | $ 5,000.00 | | | | | |
| ARM | Repairs | | | | $ 2,500.00 | | | | | |
| ARM | Irrigation | | | | $ 10,000.00 | | | | | |
| CC | Veh. Paymt | | | | $ 3,250.00 | | | | | |
| CC | Farm Bureau | | | | $ 2,804.83 | | | | | |
| ARM | Labor | | | | | $ 7,000.00 | | | | |
| ARM | Fuel | | | | | $ 5,000.00 | | | | |
| ARM | Repairs | | | | | $ 2,500.00 | | | | |
| ARM | Irrigation | | | | | $ 15,000.00 | | | | |
| CC | Veh. Paymt | | | | | $ 3,250.00 | | | | |
| CC | Farm Bureau | | | | | $ 2,804.83 | | | | |
| ARM | Labor | | | | | | $ 7,000.00 | | | |
| ARM | Fuel | | | | | | $ 5,000.00 | | | |
| ARM | Irrigation | | | | | | $ 15,000.00 | | | |
| CC | Veh. Paymt | | | | | | $ 3,250.00 | | | |
| CC | Farm Bureau | | | | | | $ 2,804.83 | | | |
| ARM | Labor | | | | | | | $ 7,000.00 | | |
| ARM | Fuel | | | | | | | $ 5,000.00 | | |
| CC | Veh. Paymt | | | | | | | $ 3,250.00 | | |
| CC | Farm Bureau | | | | | | | $ 2,804.83 | | |

LAKESHORE FARMS, INC.
Nine Month Budget

| Source | Purpose | Mar-18 | Apr-18 | May-18 | Jun-18 | Jul-18 | Aug-18 | Sep-18 | Oct-18 | Nov-18 | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ARM | Labor | | | | | | | | $ 7,000.00 | | |
| ARM | Fuel | | | | | | | | $ 20,000.00 | | |
| ARM | Repairs | | | | | | | | $ 10,000.00 | | |
| CC | Veh. Paymt | | | | | | | | $ 3,250.00 | | |
| CC | Farm Bureau | | | | | | | | $ 2,804.83 | | |
| ARM | Land Leases | | | | | | | | | $ 115,000.00 | |
| ARM | Labor | | | | | | | | | $ 3,000.00 | |
| ARM | Harvesting | | | | | | | | | $ 245,086.00 | |
| ARM | Fuel | | | | | | | | | $ 20,000.00 | |
| ARM | Repairs | | | | | | | | | $ 9,000.00 | |
| CC | Veh. Paymt | | | | | | | | | $ 3,250.00 | |
| CC | Farm Bureau | | | | | | | | | $ 2,804.83 | |
| CC | Legal Fees | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | |
| CC | Consult Fees | $ - | $ 500.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | |
| CC | Qtly Fees | $ 6,500.00 | | | | $ 4,875.00 | | | $ 975.00 | | |
| **Mo. Totals** | | **$ 1,801,933.83** | **$ 578,032.83** | **$ 122,383.83** | **$ 40,854.83** | **$ 50,729.83** | **$ 43,354.83** | **$ 28,354.83** | **$ 54,329.83** | **$ 408,440.83** | **$ 3,128,415.47** |

**Total Use of Funds**

| Legal/ust fees | Land Leases | Seed | Herbicide | Labor | Leases | Harvesting | Fuel | Repairs | Irrigation | Vehicle Payments | Farm Bureau |
|---|---|---|---|---|---|---|---|---|---|---|---|
| $94,650.00 | $1,839,583.00 | $217,076.00 | $309,268.00 | $70,000.00 | $73,163.00 | $245,086.00 | $110,000.00 | $68,000.00 | $40,000.00 | $26,000.00 | $26,694.18 |

**Total Sources of Funds by Month**

| | Mar-18 | Apr-18 | May-18 | Jun-18 | Jul-18 | Aug-18 | Sep-18 | Oct-18 | Nov-18 | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| ARM | $ 1,724,583.00 | $ 100,163.00 | $ 22,000.00 | $ 24,500.00 | $ 29,500.00 | $ 27,000.00 | $ 12,000.00 | $ 37,000.00 | $ 392,086.00 | **$ 2,368,832.00** |
| CC | $ 77,350.83 | $ 35,554.83 | $ 16,354.83 | $ 16,354.83 | $ 21,229.83 | $ 16,354.83 | $ 16,354.83 | $ 17,329.83 | $ 16,354.83 | **$ 233,239.47** |
| Co-Dist | $ - | $ 442,315.00 | $ 84,029.00 | $ - | $ - | $ - | $ - | $ - | $ - | **$ 526,344.00** |

| qtly fee calc | July | Oct |
|---|---|---|
| | $ 741,271.49 | $ 122,439.49 |

The Vehicle Payments are for the following:

2015 F350, secured to Union Bank
2016 F350 secured to TD
the Escalade secured to TD

Hauling Grain concludes in or about November or December. Debtor anticipates that the net income, after paying the DIP loan, will approximate $350,000 to $500,000.00.