IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LAKESHORE FARMS, INC., ) | Case No 18-50077-btf11 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**FINAL ORDER AUTHORIZING DEBTOR TO
OBTAIN POST PETITION FINANCING PURSUANT TO
<u>11 U.S.C §§ 105, 363, 364(c)(1), 364(c)(2), AND 503(b)(1)</u>**
**(Related Doc. 20)**

This matter came before the Court for final hearing on the 26th day of March, 2018, ( "**the Final Hearing**") upon the motion of Lakeshore Farms, Inc. ("**Debtor**"), Debtor-in-Possession, for entry of a final order authorizing Debtor to obtain post-petition, secured financing from Agrifund, LLC and its participating Distributor, Agri-Next 3F Farms ("**the Financing Motion**")(collectively "**ARM**"), in the aggregate principal amount of up to $2,900,323.00 ("**the DIP Loan**").  Appearances are as noted on the record.

Only one objection to the Financing Motion, which was filed prior to entry of the Interim Order, remained outstanding.  That objection, brought by the United States Trustee, has been resolved and, therefore should be overruled.

Notice of the Financing Motion having been given to the Office of the United States Trustee, United States Attorney's Office, and all creditors and parties in interest; and the Court having conducted the Preliminary Hearing to consider the relief requested in the Financing Motion; and upon the entire record of the Preliminary Hearing, including any evidence presented or statements of counsel at the Preliminary Hearing, after due deliberation and for good and sufficient cause therefore, it is hereby,

**ORDERED, ADJUDGED AND DECREED** that:

In the United States Bankruptcy Court, For the Western District of Missouri
In re Lakeshore Farms, Inc.
Case No. 18-50077-btf11
FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING
Page 2 of 5

1. This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (D), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Financing Motion is **GRANTED** on a final basis to the extent set forth herein.

4. The terms and conditions of the Interim Order are hereby incorporated herein.

5. The terms and conditions articulated in the Financing Motion, the DIP Loan, and during the final hearing are hereby approved.

6. The Debtor is authorized to perform and do all acts that are required or contemplated by or in connection with this Order, the Interim Order, and the DIP Loan, including, to the extent not already performed, executing and delivering any and all documents contemplated under the DIP Loan and/or necessary to effectuate the terms of the DIP Loan ("**the Financing Documents**"). The Debtor is further authorized to execute and deliver the Financing Documents to ARM, to comply with and perform all of the terms and conditions of the DIP Loan and to repay to ARM the amounts borrowed with interest, plus all other costs, fees, expenses, charges, and claims, in accordance with and subject to the terms and conditions set forth in the Financing Documents and this Order.

7. Debtor is authorized to comply with and perform all of the terms and conditions of the DIP Loan, and to repay to ARM the amounts borrowed in accordance with and subject to the terms and conditions set forth in the DIP Loan, the Financing Documents, and this Order.

In the United States Bankruptcy Court, For the Western District of Missouri
In re Lakeshore Farms, Inc.
Case No. 18-50077-btf11
FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING
Page 3 of 5

8. All obligations under this Order, the DIP Loan, and the Financing Documents that the Debtor owes to ARM shall constitute obligations that are valid, binding, and enforceable against the Debtor and its estate in accordance with their terms.

9. Other than the claim of ARM, no other claim or lien having a priority superior to or *pari passu* with any of the obligations owed under the Financing Documents shall be granted while any of the DIP Loan Obligations remain outstanding.

10. As security for the DIP Loan, ARM shall have and hereby is granted pursuant to sections 364 (c)(1), 364(c)(2), and (c)(3) of the Bankruptcy Code, without the necessity of the execution by Debtor of mortgages, security agreements, pledge agreements, financing statements, or otherwise, valid, enforceable, and perfected security interests in and liens of the highest available priority on the Collateral described in the Financing Documents and during the hearing, whether now owned or hereafter acquired ("**the Liens**"). Additionally, the obligations owing with respect to the DIP Loan under the Financing Documents shall constitute a super-priority administrative claim pursuant to Sections 364 (c)(1) and 503 (b)(1) of the Bankruptcy Code, and shall have priority over all other administrative expenses under Sections 503(b)(1) and 507(b) of the Bankruptcy Code.

11. The Liens shall constitute valid and duly perfected security interests and liens, and ARM shall not be required to file or serve financing statements, notices of lien, or similar instruments that otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such security interests and Liens; and the failure by Debtor to execute any documentation relating to the Liens shall in no way affect the validity, perfection, or priority of such Liens. If, however, ARM, in its sole discretion,

00776171 5

shall decide to file any such financing statements, notices of lien, or similar instruments, or to otherwise confirm perfection of such Liens, Debtor shall reasonably cooperate with and assist in such process, and the stay imposed by section 362(a) of the Bankruptcy Code is hereby lifted to the limited extent necessary to allow the filing and recording of a certified copy of this Order or any such financing statements, mortgages, notices of lien, or similar instruments, and all such documents shall be deemed to have been filed or recorded at the time of and on the date of this Order.

12. All credit extended and loans made to Debtor by ARM in connection with the DIP Loan shall be and hereby are deemed to have been extended in good faith, as that term is used in section 364(e) of the Bankruptcy Code.

13. The provisions of this Order, the DIP Loan, and the Financing Documents shall be binding upon Debtor, its successors and assigns (including any Chapter 7 trustee hereinafter appointed for Debtor's estate to the extent allowed under applicable law), and all creditors, shareholders, and parties in interest to this bankruptcy case and shall inure to the benefit of Debtor, Debtor's estate and ARM.  The provisions of this Order, the DIP Loan, and the Financing Documents shall survive entry of any order that may be entered converting or dismissing the case, and the claims and liens granted herein shall maintain their priority and validity against Debtor and its estate, as provided herein.

14. In the event of any inconsistency between the provisions of this Order, the DIP Loan, the Financing Documents, and any documents and instruments executed in connection therewith, the provisions of this Order shall govern.  Debtor and ARM are authorized to make any nonmaterial amendments, modifications or waivers to the DIP Loan and the Financing

00776171 5

In the United States Bankruptcy Court, For the Western District of Missouri
In re Lakeshore Farms, Inc.
Case No. 18-50077-btf11
FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING
Page 5 of 5

Documents without notice or further order of the Court and are authorized to execute any

additional agreements necessary to document such amendments, modifications or waivers.

    15.    This Order shall be effective immediately upon entry by the Court.

IT IS SO ORDERED.

Dated: 3/28/2018                              /s/ Brian T. Fenimore
                                                     HON. BRIAN T. FENIMORE
                                                     United States Bankruptcy Judge

Submitted by:

Evans & Mullinix, P.A.

*/s/ Joanne B. Stutz*
Joanne B. Stutz, KS#12365, MO#30820
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (Fax)
jstutz@emlawkc.com
*Attorneys For Lakeshore Farms, Inc.*

COLLINS & JONES, P.C.

By: */s/ Eric W. Collins*
Eric W. Collins, MO No. 57858
1010 W. Foxwood Drive
Raymore, MO  64083
Tel:  (816) 318-9966; Fax:  (888) 376-8024
Email:  ecollins@collinsjones.com
*Attorneys for Agrifund, LLC*


LEVY CRAIG LAW FIRM
A Professional Corporation

By     */s/ Michael M. Tamburini*
Michael M. Tamburini      MO #35033
4520 Main Street, Suite 1600
Kansas City, Missouri 64111
(816) 474-8181; Fax: 816/382-6606
mtamburini@levycraig.com
*Attorney for Creditor Frontier Bank fka Richardson County Bank & Trust Co.*

00776171 5