IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LAKESHORE FARMS, INC., ) | Case No 18-50077-btf11 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

### ORDER FIXING BAR DATE FOR FILING
### PROOFS OF PRE-PETITION CLAIMS:  BAR DATE OF MAY 25, 2018

TO CREDITORS AND ANY ENTITY, PERSON OR GOVERNMENTAL AGENCY ASSERTING A CLAIM AGAINST THE DEBTOR OR ITS ESTATE:

    Please take notice that the United States Bankruptcy Court for the Western of Missouri ("**the Bankruptcy Court**") has entered this order setting the **25th day of May, 2018,** as the last date ("**the Bar Date**") for filing Proofs of Pre-Petition Claims (as defined herein) in the above-captioned Chapter 11 case of Lakeshore Farms, Inc. ("**the Debtor**").

    As used herein, the term "Claim" is given the broadest possible definition under bankruptcy law, and includes any right to payment, whether in contract, tort, or by statute, and whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, priority, or unsecured as of February 28, 2018, the filing date of the Chapter 11 bankruptcy petition.

    COPIES OF THE DEBTOR'S SCHEDULES AND STATEMENTS OF AFFAIRS ARE ON FILE AT THE BANKRUPTCY CLERK'S OFFICE, AND COPIES MAY BE OBTAINED THEREFROM.  AS DETAILED BELOW, A CREDITOR WHOSE CLAIM IS NOT SCHEDULED OR IS SCHEDULED AS DISPUTED, CONTINGENT AND/OR UNLIQUIDATED AND WHO DOES NOT FILE A PROOF OF CLAIM BY **MAY 25, 2018**, WILL BE FOREVER BARRED FROM PARTICIPATING IN THE DEBTOR'S ESTATE OR RECEIVING ANY DISTRIBUTION THEREFROM.  **THE DEBTOR LISTED NO CLAIMS AS DISPUTED, CONTINGENT OR UNLIQUIDATED.**

    **ALL PROOFS OF CLAIM MUST BE FILED ELECTRONICALLY OR IN DUPLICATE WITH**: the Office of the U**.S. Bankruptcy Court, Room 1510, U.S. Courthouse, 400 East 9th Street, Kansas City, Missouri 64106** on or before the **25th day of May, 2018.**

    **CLAIMS WILL BE DEEMED FILED ONLY WHEN THEY ARE ACTUALLY RECEIVED AT THE ABOVE ADDRESS**.  To receive an acknowledgement that your Proof of Claim has been received by the clerk and filed, you must provide one additional copy and a postage-paid, self-addressed envelope with your original Proof of Claim.

    IF YOU ASSERT A CLAIM AGAINST THE DEBTOR, YOU MUST TIMELY FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE OF **MAY 25, 2018** IF:

1. The Debtor has not scheduled you as a creditor;

2. The Debtor has scheduled you as a creditor but has listed your Claim as disputed, contingent, or unliquidated;

3. The Debtor has scheduled you as a creditor but you disagree with the amount listed for your Claim by the Debtor;

4. You believe your claim to be a secured Claim and the Debtor has not scheduled your Claim as such;

5. You believe your Claim is entitled to priority under the Bankruptcy Code and the Debtor has not so scheduled your Claim in the proper amount;

6. You are a co-debtor, surety or guaranty who may file under 11 U.S.C. § 501(d) or Fed. R. Bankr. P. 3005;

7. You are a holder of common stock in the Debtor or you assert a Claim against or equity interest in the Debtor other than one evidenced by and based only on the shares of stock held; or

8. Except as provided below.

IF YOU FAIL TO TIMELY FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE OF **MAY 25, 2018**, BUT ARE REQUIRED TO DO SO:

1. Your Claim will be forever barred from:

    a. Participating in any manner in this case;

    b. Voting with respect to any Plan of Reorganization filed in this Chapter 11 case; and

    c. Receiving any distribution under any such Plan of Reorganization, if such plan is confirmed by the Bankruptcy Court; and

2. You will be bound by the terms of any such Plan of Reorganization, if such plan is confirmed by the Bankruptcy Court; and

If you assert a Claim against the Debtor from (a) recovery of property transferred to you as an avoidable transfer; or (b) certain taxes as described in Bankruptcy Code Section 502(i), you must file a Proof of Claim with the address specified above on or before the later of (x) May 25, 2018, and (y) thirty (30) days after entry of an order or judgment avoiding a transfer or thirty (30) days after the relevant tax claim arises, respectively.

00780121

If you assert a Claim from rejection of an executory contract or unexpired lease that has not already been rejected either by court order or operation of law, the last date for filing a Proof of Claim arising from that rejection shall be specified in the appropriate order of the court authorizing rejection of the particular executory contract or unexpired lease.

PENDING FURTHER ORDER OF THE COURT, THE FOLLOWING PROOFS OF CLAIM ARE EXEMPTED FROM THE DEADLINES SET FORTH ABOVE, INCLUDING THE BAR DATE:

1. General unsecured claims against the Debtor which have already been paid pursuant to any order of this Court;

2. Claims for administrative expenses against the Debtor arising under Bankruptcy Code Sections 328(a), 330, 331, 364, 5003(b), 507(a)(1) or 507(b);

3. Any Proof of Claim previously filed with the Clerk of the Court prior to the mailing of this notice, subject to the right of the Debtor or any other party in interest to object to allowance thereof. ADDITIONAL PROOFS OF CLAIM SHOULD NOT BE FILED; and

4. Proofs of Claim filed by the Debtor on behalf of creditors pursuant to 11 U.S.C. § 501(c) and Fed. R. Bankr. P. 3004.

A Proof of Claim form is attached to this Order.

IT IS SO ORDERED.

Dated: 4/4/2018

/s/ Brian T. Fenimore
Hon. Brian T. Fenimore
Bankruptcy Judge

Submitted by:

Evans & Mullinix, P.A.

/s/Joanne B. Stutz
Joanne B. Stutz, KS#12365, MO#30820
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (Fax)
jstuz@emlawkc.com
*Attorneys For Lakeshore Farms, Inc.*

00780121