| Fill in this information to identify the case: |
|---|
| Debtor 1  Lakeshore Farms, Inc. |
| Debtor 2 (Spouse, if filing) |
| United States Bankruptcy Court for the:  Western District of Missouri |
| Case number  18-50077-btf11 |

## Official Form 410
# Proof of Claim
04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Northland Capital Equipment Finance
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Jenkins & Kling, P.C., Attn: Jennifer Beasley
Name
150 N. Meramec Ave., Suite 400
Number    Street
St. Louis          MO         63132
City              State       ZIP Code

Contact phone  314-720-2525
Contact email  jbeasley@jenkinskling.com

Where should payments to the creditor be sent? (if different)

Northland Capital Equipment Finance
Name
P.O. Box 7278
Number    Street
St. Cloud         MN         56302
City              State       ZIP Code

Contact phone  (320) 252-2122
Contact email  maria@northlandcapital.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___  ___  ___  ___  ___  ___  ___  ___  ___  ___  ___  ___  ___  ___  ___  ___

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.  Claim number on court claims registry (if known) _____   Filed on ___/___/___
                                                                        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.  Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 3 9 4 2 |
|---|---|
| 7. How much is the claim? | $ _____454,079.52_____. Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>**Leased Equipment (Creditor Owns All Equipment as Lessor)** |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☐ No<br>☑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____118,020.57 |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No <br> ☐ Yes. *Check one:* | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  5/28/2018
MM / DD / YYYY

_Maria Mendoza_ (signature)

Print the name of the person who is completing and signing this claim:

| Name | Maria | | Mendoza-Ramirez |
|---|---|---|---|
| | First name | Middle name | Last name |

Title: Authorized Agent

Company: Northland Capital Equipment Finance
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: P.O. Box 7278
Number    Street
St. Cloud                                MN            56302
City                                     State         ZIP Code

Contact phone (320) 252-2122                Email maria@northlandcapital.com

Official Form 410                   Proof of Claim                   page 3

# Proof of Claim Attachment

**Name of Debtor**: Lakeshore Farms, Inc.
**Case Number**: 18-50077-btf11
**Name of Creditor**: Northland Capital Equipment Finance

The amount due as of the petition date is all rental payments, late fees, property tax charges, sales tax, and other charges due from Lakeshore Farms, Inc. to Northland Capital Equipment Finance under that certain master contract by and between Lakeshore Farms, Inc. and Northland Capital Equipment Finance numbered 3942M dated March 8, 2011, together with: (i) that certain equipment lease schedule contract number 3942-018 executed by debtor on February 6, 2013 for a 2013 Timpte Model 4228 Super Hopper Grain Trailer serial number 1TDH42221DB139923, together with that certain supplement to lease (ii) that certain equipment lease schedule contract number 3942-019 executed by debtor on November 4, 2014 for a 2014 Horsch RT-370 Joker with manual depth control, serial number 310037014088, (iii) that certain equipment lease schedule contract number 3942-020 executed by debtor on January 7, 2016 for a 2014 John Deere 4940 Self Propelled Sprayer, serial number 1N04940XCD0028317, with Starfire 3000 Receiver, serial number PCGT3TA708386, together with that certain supplement to lease, (iv) that certain equipment lease schedule contract number 3942-021 executed by debtor on January 19, 2016 for a 2017 Timpte 4228 42'2"x102"x78" Super Hopper Trailer, serial number 1TDH42221HB154850, (v) that certain equipment lease schedule contract number 3942-022 executed by debtor on February 16, 2016 for a 2008 John Deere 8430 Tractor, serial number RW8430P030274, and (vi) that certain equipment lease schedule contract number 3942-024 executed by debtor on August 18, 2016 for a 2017 Timpte 4228 Super Hopper Trailer, serial number 1TDH42229HB156278.

Copies of the master contract and equipment lease schedule agreements are attached hereto and incorporated herein by reference. To the extent that the leases may be determined not to be true leases, Northland Capital Equipment Finance hereby reserves any and all rights as a secured creditor, including, without limitation all rights under those certain Uniform Commercial Code financing statements filed with the Missouri Secretary of State as file numbers 1602236685314, 1601116493360, and 1411074605234.

**Part 1. Itemization of Amounts due as of the Petition Date.**

1. **Amounts Due Under Contract 3942-018 (2013 Timpte 4228 Super Hopper Trailer):**

    | | | |
    |---|---|---|
    | a. | Residual Balance Due Under Contract | $3,961.70 |
    | b. | Sales Tax | $266.42 |
    | c. | Legal Fees | $70.19 |
    | | Total | $4,298.31 |

2. **Amounts Due Under Contract 3942-019 (2014 Horsch Joker):**

    | | | |
    |---|---|---|
    | a. | Lease Receivable Balance Due Under Contract | $32,237.33 |
    | b. | Residual Balance Due Under Contract | $9,500.00 |
    | c. | Late Fees | $2,138.60 |
    | d. | 2017 Property Taxes | $469.95 |
    | e. | 2018 Property Taxes (Estimated) | $469.95 |
    | f. | Legal Fees | $486.72 |
    | | Total | $45,302.55 |

3. **Amounts Due Under Contract 3942-020 (2014 John Deere 4940 with Starfire 3000):**
   a. Lease Receivable Balance Due Under Contract       $118,036.68
   b. Residual Balance Due Under Contract               $66,150.00
   c. Late Fees                                         $9,179.33
   d. 2017 Property Taxes                               $1,088.56
   e. 2018 Property Taxes (Estimated)                   $1,088.56
   f. Legal Fees                                        $1,182.58
      Total                                             $196,725.71

4. **Amounts Due Under Contract 3942-021 (2017 Timpte 4228 Super Hopper Trailer):**
   a. Lease Receivable Balance Due Under Contract       $36,065.28
   b. Residual Balance Due Under Contract               $3,998.20
   c. Late Fees                                         $2,191.21
   d. Sales Tax                                         $2,057.84
   e. 2017 Property Taxes                               $653.64
   f. 2018 Property Taxes (Estimated)                   $653.64
   g. Legal Fees                                        $208.77
   h. Total                                             $45,828.58

5. **Amounts Due Under Contract 3942-022 (2008 John Deere 8430 Tractor):**
   a. Lease Receivable Balance Due Under Contract       $97,427.01
   b. Residual Balance Due Under Contract               $15,000.00
   c. Late Fees                                         $7,521.91
   d. 2017 Property Taxes                               $954.93
   e. 2018 Property Taxes (Estimated)                   $954.93
   f. Legal Fees                                        $805.55
   g. Total                                             $122,664.33

6. **Amounts Due Under Contract 3942-024 (2017 Timpte 4228 Super Hopper Trailer):**
   a. Lease Receivable Balance Due Under Contract       $30,300.61
   b. Residual Balance Due Under Contract               $3,896.80
   c. Late Fees                                         $1,819.57
   d. Sales Tax                                         $1,765.09
   e. 2017 Property Taxes                               $637.12
   f. 2018 Property Taxes (Estimated)                   $637.12
   g. Legal Fees                                        $203.73
      Total                                             $39,260.04

**Total amount due:**                                   **$ 454,079.52**

# Northland Capital
FINANCIAL SERVICES LLC

Master Contract # 3942M        Contract# 3942-014

Ref#: 32746

LESSOR: Northland Capital Financial Services, LLC
333 33rd Avenue S. St. Cloud, MN 56301
PO Box 7278. St. Cloud, MN 56302
1-800-471-2122. Fax: 320-252-2111

## EQUIPMENT MASTER LEASE AGREEMENT - Page 1 of 4

**LESSEE:** (hereinafter referred to as "You" or "Your")

| | |
|---|---|
| FULL LEGAL NAME: | LakeShore Farms, Inc. |
| ADDRESS: | 24806 Hwy. 159    CITY: Forest City    STATE: MO    ZIP: 64451 |
| BILL-TO ADDRESS: | 24806 Hwy. 159    CITY: Forest City    STATE: MO    ZIP: 64451 |

| QUANTITY | EQUIPMENT ☐ See attached Schedule "A" for additional equipment, if checked | TERM AND PAYMENT SCHEDULE |
|---|---|---|
| 1 | 2006 Liebrecht tile plow w/4", 6", and 8" tile boots, GCS100 laser control system and dual grade laser w/10' tripod.  SN: TP609 | 4 Annual Payments beginning March 2012:<br><br>Rent Payment: **$7,590.18**<br>(Plus applicable taxes)<br><br>You agree to pay at the time you sign the lease:<br><br>An Advance Payment of $5,000.00 plus sales tax of $0.00 = $5,000.00 |

### EQUIPMENT LOCATION
Address: 24806 Hwy. 159    City: Forest City    State: MO    Zip: 64451    County: Holt

**END OF LEASE OPTIONS:** You will have the following options at the end of the original term, provided the lease has not terminated early and no event of default under the lease has occurred and is continuing.
1. Renew the lease per Paragraph 5.
2. Return the Equipment as provided in Paragraph 5 of this Lease.
3. Purchase the Equipment as provided in Paragraph 5 of this Lease for Purchase Option Percentage equal to 10% of Lessor's equipment cost.

### LEASE

This Lease is written in plain English as a convenience to you (the Lessee). References to us, we or our are to the Lessor. **DO NOT SIGN IF YOU HAVE NOT READ OR DO NOT UNDERSTAND THIS LEASE.** You agree to all the terms and conditions shown on this first page hereof and the Additional Terms and Conditions set forth on the attached pages, which such Additional Terms and Conditions are hereby incorporated by reference as if fully set forth herein. You acknowledge receipt of a copy of this Lease (including the Additional Terms and Conditions).

LakeShore Farms, Inc.
LESSEE
SIGN & DATE: X _____ Signature: Jonathan Russell    X 3-8-11 DATE

Northland Capital Financial Services, LLC
LESSOR
Signature _____    3-8-11 DATE
TITLE

### ACCEPTANCE CERTIFICATE

**YOU FURTHER HEREBY ACKNOWLEDGE THAT THE EQUIPMENT HAS BEEN RECEIVED IN OPERATING CONDITION AND REPAIR AND HEREBY ACCEPT IT AS SATISFACTORY IN ALL RESPECTS FOR ITS PURPOSE UNDER THIS LEASE.**

LakeShore Farms, Inc.
LESSEE
SIGN & DATE: X _____ Signature: Jonathan Russell    X 3-8-11 DATE

### GUARANTY

In this guaranty only, the word I means the person making the guaranty. The words **you** and **your** refer to the Lessor. I understand that I am giving you this guaranty in order to induce you to enter into this Lease with Lessee. I personally guaranty that the Lessee will make all payments and pay all other charges required under the Lease when they are due and will perform all other obligations under the Lease fully and promptly. I also agree that you may make other arrangements with the Lessee and I will still be responsible for those payments and other obligations. You do not have to notify me if the Lessee is in default. If the Lessee defaults, I will immediately pay all sums due and perform all other obligations of the Lessee in accordance with the default provisions of the Lease. I will reimburse you for all the expenses you incur in enforcing any of your rights against the Lessee or me, including attorney's fees. You are not required to exhaust or even start to pursue your legal remedies against Lessee before requiring that I make all payments under this guaranty.

SIGN & DATE: X _____    X 3-8-11
SIGNATURE (Individually, NO TITLES)    DATE    SIGNATURE (Individually, NO TITLES)    DATE
Jonathan Russell    **No Title**    **No Title**
PRINT NAME    PRINT NAME
24806 Highway 159 Forest City, MO 64451
ADDRESS (NOT PO BOX)    ADDRESS (NOT PO BOX)

1. **Lease:** Subject to the terms and conditions of this Lease, we agree to lease to you, and you agree to lease from us, the equipment described above and on any attached Equipment Schedule A, together with all attachments, replacements, parts, additions, repairs and accessories incorporated in or now or hereafter affixed to said equipment (hereinafter collectively the "Equipment"). If you and we execute more than one Equipment Lease Agreement that incorporates these Additional Terms and Conditions, each such Equipment Lease Agreement shall be a separate "Lease" for all legal purposes.

2. **Term:** The term ("Term") of this Lease with respect to each item of Equipment shall: (a) commence upon a date (the "Commencement Date") which is, at our option, either (i) that you execute an Acceptance Certificate for the Equipment, (ii) three (3) days after delivery of the Equipment if you do not notify us of a reason you cannot accept it, (iii) the date we pay the vendor for the Equipment after delivery or (b) your first use of the Equipment; and (c) continue thereafter for the number of consecutive months set forth on the first page hereof or on the Payment Addendum unless otherwise extended in accordance with Paragraph 5 below.

3. **Rent:** You shall pay all rent under this Lease in the amount set forth on the first page hereof or on the Payment Addendum, plus applicable taxes as increased from time to time ("Rent"). The first payment of Rent shall be due and payable, in advance, on the Commencement Date and thereafter, each payment of Rent shall be due and payable monthly on the same day of the month as the Commencement Date, or at a later date we designate in writing. If we elect, you shall pay interim rent calculated on a per diem basis (1/30th of a Rent payment) until a date we specify not more than 30 days after the Commencement Date and the Term shall be extended by such interim period. Rent shall be payable to us, without invoice or other written demand, at the address specified on the first page hereof or to any other address that we subsequently give you in writing for purposes of making payment.

4. **Collection Charges, Application of Payments:** Should you fail to pay any Rent or other sum required to be paid by you to us hereunder, within ten (10) days after the due date of such payment, you shall pay to us a late charge equal to the lesser of (a) at our option, either: (i) fifteen percent (15%) of the payment which is late, or (ii) one and one half percent (1.5%) per month on such amount; and (b) the highest rate permitted by applicable law (the "Late Charge Rate"). **You also agree to pay a collection charge to make up for the time and expense in making any call or generating a letter, of up to $50.00 per call and per letter. You agree to pay a charge of up to $50.00 for each check returned for non-sufficient funds or other reasons. All payments shall, at our option, be applied first to any costs of collection, second to any late charges, third to delinquent payments and the remainder thereof to Rent or other payments you owe us.** You also agree to pay us a documentation fee at lease origination of $199.00 and, if the Equipment is one or more titled vehicles, a fee of $99.00 per month after the end of the third month of the Term if we do not receive properly issued titles for each such vehicle.

5. **End of Lease Options:** At the end of the Term, you may choose one of the following options as to all, but not less than all, of the Equipment:

   a. Automatic Renewal: Should you choose #1 of the "END OF LEASE OPTIONS" stated on the first page of this Lease, this Lease will automatically renew for successive thirty (30) day renewal terms on the same terms and conditions and the same Rent payment unless you send us written notice that you do not want the Lease to renew at least thirty (30) days before the end of the Term or any renewal term. We may cancel the renewal terms by sending you notice that we do not want this Lease to renew at least fifteen (15) days before the end of the Term or any renewal term. IF YOU DO NOT PROPERLY CHOOSE ANOTHER OPTION, THIS OPTION #1 WILL BE DEEMED YOUR CHOICE.

   b. Return of Equipment: Should you at the end of this Term, choose #2 of the "END OF LEASE OPTIONS" stated on the first page of this Lease, you shall provide us with not more than one hundred twenty (120) days and not less than sixty (60) days prior written notice and will, on the last day of the Term, immediately deliver the Equipment to us in a condition as good as received, less normal wear and tear, to any place in the United States designated by us. You will prepay all expenses of crating and shipping by means we designate, and you will properly insure the shipment. You also agree to pay us a reasonable administration fee for processing the Equipment not to exceed $500.00.

   c. Purchase Option Price: Should you at the end of this Term, choose #3 of the "END OF LEASE OPTIONS" stated on the first page of this Lease and if you are not in default under this Lease, you have the option of purchasing all, but not less than all, of the Equipment at the expiration of the Term (or, with our consent any renewal term) for an amount (the "Purchase Option Price") equal to the Total Cost of the Equipment multiplied by the Purchase Option Percentage as specified on this first page of this Lease together with all applicable sales, use or similar taxes or the dollar amount as specified on the first page of this Lease together will all applicable sales, use, or similar taxes.

Upon payment of the purchase price, we will transfer the Equipment to you on an "AS-IS" basis. The conveyance of the Equipment from us to you will be without warranty or representation of any kind and will be completed by our execution of a bill of sale in form and substance satisfactory to us.

6. **Ownership of Equipment:** The Equipment is, and shall at all times be and remain, our sole and exclusive property, and you shall have no right, title or interest therein or thereto except as expressly set forth in this Lease.

7. **No Warranties:** You acknowledge and agree that you have selected both the Equipment and the vendor, supplier or manufacturer thereof (the "Supplier") and that we have not participated in any way in your selection of the Equipment or the Supplier. All Equipment is provided in "AS IS" condition with **NO WARRANTY OR GUARANTY OF ANY KIND OR NATURE WHATSOEVER, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR OTHERWISE AND WE DISCLAIM ANY AND ALL SUCH WARRANTIES**. OUR SOLE AND EXCLUSIVE LIABILITY HEREUNDER AND IN ANY WAY RELATED TO THIS LEASE SHALL NOT EXCEED THE TOTAL RENTS FOR LEASE OF THE EQUIPMENT. IN NO EVENT SHALL WE BE LIABLE FOR ANY INTERRUPTION OF BUSINESS, LOST PROFITS, OR SPECIAL, INDIRECT, INCIDENTAL OR CONSEQUENTIAL LOSSES OR DAMAGES OF ANY KIND OR NATURE WHATSOEVER EVEN IF WE HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH LOSS OR DAMAGE. NO WAIVER, ALTERATION OR MODIFICATION OF THIS LIMITATION OF WARRANTY SHALL BE BINDING AGAINST US UNLESS IN WRITING AND SIGNED BY OUR EXECUTIVE OFFICER. To the extent they are transferable and so long as you are not in default hereunder, we assign to you for the Term all warranties, if any, made by manufacturer or supplier to us. We are not liable to you for any modification or rescission of supplier or manufacturer warranties. You agree to continue making payments under this Lease regardless of any claims you may have against the Supplier. WE ARE NOT AFFILIATED WITH OR PRINCIPALS OR AGENTS OF THE SUPPLIER AND NO PERSON OTHER THAN OUR OFFICERS MAY BIND US TO ANY AGREEMENT OR WAIVE THE TERMS OF THE LEASE.

8. **Use, Maintenance and Installation:** You will: (a) cause the Equipment to be installed, operated and maintained: (i) SOLELY FOR BUSINESS AND NOT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES; (ii) only in the ordinary course of your business; (iii) with due care to prevent injury to any person or property; (iv) in accordance with applicable manuals and instructions; and (v) by competent and duly qualified and authorized agents or employees only; (b) comply with all applicable regulatory rules and laws and the other terms and conditions of this Lease; (c) maintain the Equipment at your sole cost and expense in at least the operating order, repair and condition as when delivered to and accepted by you, reasonable wear and tear from the proper use thereof alone excepted, and (d) furnish at your sole cost and expense, all parts, supplies, services and utilities necessary for the operation or maintenance of the Equipment, all of which will immediately become our property. You may not modify the Equipment without our prior written consent. You assume all risk for the use, operation and storage of the Equipment and for damages and injuries incident thereto, whether to agents, employees, customers, consumers, invitees and guests of you, us or of third parties and whether or not occasioned by our or your negligence or malfeasance. You acknowledge for purposes of occupational safety, environmental and other laws and liability, that we have no participation in the maintenance or use of the Equipment and you are its sole operator, with discretion and control as to its selection, operation and management. You may not use the Equipment in any unsafe manner, in violation of any law or regulation or to haul, store or otherwise deal with any hazardous materials and you will obtain any and all licenses or permits applicable to your use of the Equipment.

9. **Location of Equipment:** Upon our request, you will provide us in a timely manner the specific location of the Equipment. We shall have the right to enter upon your premises to inspect the Equipment at any time upon reasonable notice or during normal business hours and you will ensure that we have similar rights wherever the Equipment may be located.

10. **Personal Property:** The Equipment is, and shall at all times be and remain, personal property and shall not constitute fixtures notwithstanding that the Equipment or any part thereof may now be, or hereafter become, in any manner affixed, attached to, imbedded in, permanently resting upon, real property or any building thereon, or attached in any manner to what is permanent as by means of cement, plaster, nails, bolts, screws or otherwise. It is the intention of the parties hereto, and the reality, that the Equipment shall consist solely of personal property and that the same shall not constitute fixtures under the laws of the state where the Equipment is located at any time.

11. **Insurance:** You shall obtain and maintain on or with respect to the Equipment at your own expense (a) liability insurance insuring against liability for bodily injury and property damage with a minimum limit of $1,000,000.00 combined single limit and/or occurrence and (b) physical damage insurance insuring against loss or damage to the Equipment in an amount not less than

the greater of the total of all Rent and the purchase option amount or full replacement value of the Equipment and with a deductible not exceeding $5,000.00. You will furnish us with a certificate of insurance evidencing the issuance of a policy or policies in at least the minimum amounts required herein naming us as an additional insured thereunder for the liability coverage and as sole loss payee for the property damage coverage. Each such policy shall be in such form and with such insurers as may be satisfactory to us, and shall contain a lender loss payee clause requiring the insurer to give to us at least 10 days prior written notice of any alteration in the terms of such policy or the cancellation thereof, and a clause specifying that no action or misrepresentation by you shall invalidate such policy. You agree to provide us with written evidence of this insurance immediately upon request. We shall be under no duty to ascertain the existence of or to examine any such policy or to advise you in the event any such policy shall not comply with the requirements hereof. If you do not provide us with acceptable evidence of insurance on demand, we may, but will not be required to, buy insurance protecting our interests. No such insurance will name you as an insured or protect or relieve you from liability. In the event you fail to deliver to us a certificate evidencing liability and physical damage insurance complying with the terms of this Lease, you will pay us for the insurance we obtain, with each Rent payment, an amount we calculate that will include (a) a premium that may be higher than if you maintained the required insurance, (b) a finance charge of up to 1.5% per month on any advances of premium made by us or our agents or a monthly property damage surcharge up to .35% of the equipment cost and (c) billing and processing fees which generate a profit to us and our agents. YOU HEREBY ACKNOWLEDGE AND AGREE THAT YOU WILL INCUR ADDITIONAL EXPENSE BY FAILING TO COMPLY WITH THESE INSURANCE REQUIREMENTS. We agree to discontinue billing these charges upon receipt of satisfactory evidence of the required insurance.

12. **Casualty and Risk of Loss:** You assume and shall bear the entire risk of loss, theft, destruction, damage, condemnation, or other casualty, whether or not insured against, of the Equipment from any and every cause whatsoever from and after the date of this Lease, and will hold us harmless from and against such risk. In the event the Equipment is physically damaged to a material extent by any occurrence whatsoever, or is lost, stolen, condemned or destroyed (a "Casualty Occurrence"), you shall immediately notify us and shall, at our option, either: (a) place such Equipment in good repair, condition, and working order, acceptable to us, or (b) replace the same with like equipment of the same or later model in good repair, condition, and working order (free from all liens), or (c) pay to us an amount equal to the Casualty Value. As used herein, the "Casualty Value" shall be an amount which we reasonably calculate (without regard to insurance) to give us all of the benefits of our ownership of such Equipment and amounts payable hereunder but for such Casualty Occurrence, including: (i) any accrued and unpaid Rent as of the date of such Casualty Occurrence; (ii) the present value of all future Rent payments discounted to present value at a rate equal to 3% per annum (the "Discount Rate"); (iii) the Purchase Option Price set forth in Paragraph 5(c) discounted to present value at the Discount Rate; (iv) any depreciation or other tax benefits of ownership of the Equipment which we would have received under this Lease but for such Casualty Occurrence; and (vi) the amount of any indemnity or other obligations owed to us hereunder. In addition to the foregoing, you shall also pay to us interest from the date we calculate the Casualty Value until paid at a rate equal to the Late Charge Rate. No such Casualty Occurrence will relieve you of your duties hereunder or at the end of the Term; provided, however, that after payment in full of the Casualty Value, you shall have no further rental obligations hereunder with respect to such Equipment and shall be responsible for the sale or other disposition of such Equipment.

13. **Indemnification:** You shall indemnify us, our officers, shareholders, employees, agents, successors or assigns ("Indemnified Parties"), against and hold all Indemnified Parties harmless from, any and all claims, actions, suits, proceedings, damages, cost, expenses, obligations, liabilities and liens, including without limitation any of the foregoing arising or imposed in connection with latent or other defects of the Equipment, negligence, gross negligence, strict liability, patent liability or any other malfeasance, on account of personal injury, property damage or otherwise, imposed on or incurred by or asserted against any Indemnified Parties including, without limitation, reasonable attorneys' fees incurred in connection with the foregoing, in any way relating to this Lease, or in any way relating to the manufacture, purchase, acceptance, rejection, ownership, delivery, installation, possession, use, operation, maintenance, condition, registration, sale, return, replacement, storage or disposition of the Equipment, or any accident in connection therewith or by operation of law. You shall give us prompt written notice of any matter hereby indemnified against and agrees that unless directed to the contrary by notice from us, you shall assume full responsibility for the defense thereof. The indemnity in this Paragraph shall include all occupational safety and environmental liability, including any that result from your breach of the terms hereof.

14. **Taxes and Fees:** You shall be responsible for and shall indemnify and hold us harmless against any and all sales, use, property, excise and other taxes, all license, penalties and fines, and registration fees now or hereafter imposed by any governmental body or agency upon the Equipment or its use or the Rent hereunder. If we pay any of the above for you, you agree to reimburse us on demand. You also agree to reimburse us on demand for any filing or release fees and other reasonable administrative expenses. Sales or use tax due up front may be billed monthly, plus a finance charge. Upon our request, you shall prepare and file all tax returns relating to taxes for which you are permitted to file under the laws of the applicable taxing jurisdiction.

15. **Assignment:** YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN OR SUBLEASE THE EQUIPMENT OR THIS LEASE WITHOUT OUR PRIOR WRITTEN CONSENT AND ANY SUCH EVENT SHALL CONSTITUTE AN IMMEDIATE EVENT OF DEFAULT. Any change in ownership or control of you or any sale of your assets outside of the ordinary course of business constitutes reasonable grounds for insecurity, entitling us to proceed under Minn. Stat. § 336.2A-401. You shall provide us written notice of such change or sale fifteen (15) days prior to the change or sale occurring. We may sell, assign or transfer this Lease and our interest in the Equipment without any notice to you. You agree that if we sell, assign or transfer any interest in this Lease or the Equipment, the transferee will have the same rights and benefits that we have and will not have to perform any of our obligations. You agree that the rights of the transferee will not be subject to any claims that you may have against us.

16. **Default:** Any one or more of the following will constitute an Event of Default under this Lease:

   a. You fail to pay Rent or any other sum to be paid under this Lease as and when due;

   b. You fail at any time to procure or maintain any insurance coverage required by this Lease;

   c. You attempt to sell, transfer, assign or sublease the Equipment or your interest in any Lease in violation of Paragraph 15 hereof;

   d. You fail to perform or observe any duty, obligation or covenant contained in this Lease other than those set forth in subparagraph (a) through subparagraph (c) above, inclusive, and such failure continues for ten (10) days after the earlier of: (i) the day we provide you written notice of such default; or (ii) the date that any of your officers or employees have actual knowledge of the event, condition or occurrence that constitutes the Event of Default;

   e. You become insolvent or unable to pay your debts as they mature or in accordance with customary business practice or you commit an act of bankruptcy, or apply for, consent to, or acquiesce in the appointment of a trustee or a receiver for you or any of your property or in the absence of such application, consent or acquiescence, a trustee or receiver is appointed for you or for a substantial part of your property or any bankruptcy, insolvency, dissolution or liquidation proceeding is instituted by or against you and, in each case, is not discharged within thirty (30) days thereof;

   f. There is a transfer, termination, cessation or liquidation of your business or that of any corporate guarantor or if an individual guarantor should die or any guarantor shall suffer an event described in subsection e, above;

   g. Any representation, warranty or statement of material fact made or furnished to us or our representatives by or on behalf of you, or any financial statement, document, instrument or other information submitted to us or our representatives by or on behalf of you, is false or misleading in any material respect;

   h. An event of default shall occur under any Lease or other obligation you owe to us.

17. **Remedies Upon Default:** Upon the occurrence of any Event of Default as defined in Paragraph 16 above, and at any time thereafter, we may, at our option, and with or without notice, declare the Casualty Value and other amounts payable or to become payable to us under and by reason of this Lease and any other Lease or obligation you owe to us, to be immediately due and payable, and may proceed to enforce payment of such obligations and to exercise any and all rights and remedies provided for by this Lease and any other Lease, by any statute or otherwise available by law, in equity or in bankruptcy, or insolvency proceeding, including without limitation the following:

   a. proceed by appropriate court actions to enforce performance by you or to recover from you any and all damages and expenses which we sustain by reason of your default or an account of our enforcement of remedies under this Lease, including without limitation reasonable attorneys' fees;

   b. terminate your rights under this and any other Lease or other obligation to us; and/or

   c. take possession of or disable the Equipment. We will have the right to remove the Equipment from your property, and, for the purposes of removal and possession, we or our representatives may enter any of your premises without legal process. We may require you to assemble the Equipment and to make it available to us at any place we designate. You voluntarily and knowingly waive, to the extent permitted by law, any and all rights to notice and/or hearing prior to any retaking of possession of the Equipment by us or

**ADDITIONAL TERMS AND CONDITIONS-EQUIPMENT MASTER LEASE AGREEMENT** Page 4 of 4

our representatives. Upon any retaking of possession of the Equipment by us, all your rights in the Equipment, or to its use and possession, shall terminate. Repossession will not, however, constitute a termination of this Lease unless we expressly so notify you in writing, and notwithstanding any repossession of the Equipment, or any other action which we may take under this Lease, you shall be and remain liable for the full performance of all obligations on your part to be performed under this Lease including the payment of all Rent, maintenance of all insurance and indemnification of us.

All remedies hereunder are cumulative, and may be exercised concurrently or separately; provided, however that: (i) nothing in this Paragraph 17 shall be construed as granting or conferring to us or imposing on you a duplicative right, entitlement, obligation, or recovery with respect to any matter arising out of the same facts and circumstances; (ii) no provision hereof shall be construed to provide us recovery for any costs, damages or other amounts for which we have been fully compensated by you under any other provision of this Lease; and (iii) remedies hereunder are intended only to allow us to enjoy the benefit of the bargain and to make us whole.

If we incur any expenses, including attorneys' fees, in the enforcement of any of our rights under this Lease, or if we bring any action, proceeding or suit, then we may recover from you such reasonable expenses so incurred. Promptly after you have notice thereof, you shall give notice to us of any Event of Default and any event that has occurred and is continuing which constitutes an Event of Default but for the requirement that notice be given or time lapse or both.

18. **Non-Cancellable Lease:** This Lease cannot be cancelled or terminated except as expressly provided herein. YOU CONFIRM FOR OUR BENEFIT AND THE BENEFIT OF ANY ASSIGNEE OR TRANSFEREE OF ANY OF OUR INTEREST IN THE LEASE THAT THE LEASE IS YOUR ABSOLUTE, UNCONDITIONAL OBLIGATION AND NOT SUBJECT TO ANY RIGHT OF SETOFF OR REDUCTION OF RENT OR OTHER OBLIGATIONS OR ANY COUNTERCLAIM OR DEFENSE FOR ANY REASON WHATSOEVER, ALL OF WHICH ARE HEREBY WAIVED TO THE FULLEST EXTENT PERMITTED BY LAW. This understanding is a material consideration to our entering into this Lease and is consistent with your decision to finance acquisition of the Equipment hereunder rather than by borrowing the funds and purchasing the Equipment. YOUR OBLIGATIONS HEREUNDER SHALL SURVIVE EXPIRATION OR TERMINATION FOR ANY REASON OF THE LEASE.

19. **Finance Lease; Security Interest:** This is an agreement of lease and it is the intention of the parties that this agreement constitute a true lease that is a finance lease as that term is defined in Article 2A of the Uniform Commercial Code. You acknowledge that (a) you have reviewed and approved any written contract with the Supplier pursuant to which the Equipment is purchased (the "Supply Contract"); and (b) we have informed or advised you in writing, either previously or by this Lease of the identity of the Supplier; that you may have rights under the Supply Contract; and that you may contact the Supplier for a description of any such rights you may have under the Supply Contract. If, notwithstanding the intention of the parties, this Lease is deemed to be a loan, you hereby grant to us a first priority purchase money security interest in the Equipment (including all inventory, fixtures and other property comprising the same). In any event, as additional security for your obligations under this Lease, you hereby grant us a first priority security interest in the any and all general intangibles, additions, attachments, accessories and accessions to the Equipment and any subleases, chattel paper, accounts and security deposits relating to the foregoing and any and all proceeds therefor. References to replacements, substitutions, additions, attachments, chattel paper, accounts, proceeds or any of the foregoing do not authorize any sale, lease, transfer, modification, replacement, alteration or other actions impacting the Equipment and such activities are allowed only to the extent provided for hereunder.

20. **Security Deposit:** You shall pay to us the security deposit on the first page of this Lease upon execution. If for any reason this Lease is not finalized or the Equipment not accepted, it is specifically agreed that we may retain this security deposit as liquidated damages for loss of a bargain and that we have fully earned such amount. You agree that the security deposit will not bear interest, may be commingled with other funds and that we may apply it to any amount due under this Lease, in which event you will restore the security deposit to its original amount promptly. Such security deposit will be returned to you at the expiration of this Lease, less any amounts outstanding hereunder and any outstanding charges or expense.

21. **Consent to Minnesota Law, Jurisdiction and Venue:** It is agreed between the parties that this Lease has been negotiated within Stearns County, Minnesota, and finally executed within Stearns County, Minnesota, and accordingly, the Lease and all related documentation shall be governed by, and construed in accordance with, the laws of the State of Minnesota (without regard to principles of conflicts of laws) and any suit by either of the parties pursuant to this Lease shall be maintained in and the venue for any such litigation shall be in Stearns County District Court, Stearns County, Minnesota.

22. **Waivers:** No party hereto will be deemed to have waived any right, power, or privilege under this Lease or any provision hereof unless such waiver shall have been executed in writing by the party to be charged with such waiver or expressly stated herein. The failure of any party hereto to enforce at any time any of the provisions of this Lease will in no way be construed to be a waiver of such provisions, nor in any way affect the validity of this Lease or any part thereof, or the right of any party to thereafter enforce each and every such provision. No waiver of any breach of this Lease will be held to be a wavier of any other or subsequent breach. All remedies afforded in this Lease will be taken and construed as cumulative and in addition to every other remedy provided herein or by law. EACH PARTY WAIVES THE RIGHT TO TRIAL BY JURY. You waive all rights and remedies under UCC Article 2A to the extent permitted by law.

23. **Integration:** This Lease shall constitute the entire agreement between the parties, and shall not be modified except in writing signed by an authorized executive officer on behalf of the parties hereto. Without limiting the foregoing, it is expressly agree that this Lease cannot be modified by course of performance.

24. **Further Assurances:** You grant us authority to file any financing statements necessary to protect and preserve our ownership of or rights in the Equipment. Promptly upon our written request, you agree at your expense to execute, acknowledge and deliver such instruments, and to take such other action, as may reasonably be necessary in our opinion to protect our or our assignee's or transferee's interest in the Equipment, this Lease and any Rent, including without limitation the obtaining and execution of landlord and mortgagee waivers, certificates of title, financing statements in recordable form, and a search for any judgment or liens against you. You also agree to provide such financial information relating to you as we may from time to time reasonably request. We may file or record a copy of this Lease as a financing statement or for any other purpose. You acknowledge that we may change insertions in any Lease to correct obvious clerical errors or adjust for final, documented costs and Equipment price and description.

25. **Binding Effect:** This Lease shall be binding upon the parties hereto and upon their respective successors, and permitted assigns.

26. **Severability:** If this Lease or any provision hereof shall be deemed invalid, illegal or unenforceable in any respect or in any jurisdiction, the validity, legality and enforceability of this Lease in all other respects and in other jurisdictions shall not be in any way impaired or affected thereby

27. **Notices:** Unless otherwise specifically provided hereunder, any notice, consent or other communication required or permitted to be given by any provision of this Lease shall be in writing and shall be deemed to have been duly and properly given or served for any purpose if delivered via United States First Class mail, postage prepaid, and addressed to the address set forth at the first page hereof or at such other address as such party may give notice of in accordance with this paragraph from time to time. We may rely on your facsimile signature or copies of signed documents transmitted to us by electronic mail or fax.

---

**INSURANCE INFORMATION**

*This is for informational purposes only. The Lessee is responsible for obtaining insurance according to the requirements of the Lease and providing us a copy.*

INSURANCE COMPANY: _____

AGENT NAME: _____

ADDRESS: _____

PHONE: _____  FAX: _____

# Northland Capital
### FINANCIAL SERVICES LLC

**EQUIPMENT LEASE SCHEDULE** - *Page 1 of 1*

Master Contract # **3942M**   Contract # **3942-018**
Ref#: 44145
LESSOR: Northland Capital Financial Services, LLC
333 33rd Avenue S . St. Cloud, MN 56301
PO Box 7278 . St. Cloud, MN 56302
1-800-471-2122 . Fax: 320-252-2111

**LESSEE:** (hereinafter referred to as "You" or "Your")

| | | | | |
|---|---|---|---|---|
| FULL LEGAL NAME | LakeShore Farms, Inc. | | | |
| ADDRESS | 24806 Hwy. 159 | CITY Forest City | STATE MO | ZIP 64451 |
| BILL-TO ADDRESS | 24806 Hwy. 159 | CITY Forest City | STATE MO | ZIP 64451 |

| QUANTITY | EQUIPMENT ☐ See attached Schedule "A" for additional equipment, if checked | TERM AND PAYMENT SCHEDULE |
|---|---|---|
| 1 | 2013 Timpte Model 4228 Super Hopper Grain Trailer  SN: 1TDH42221DB139923 | 5 Annual Payments beginning May 2013: <br><br> Rent Payment: **$8,430.88** <br> (Plus applicable taxes) <br><br> You agree to pay at the time you sign the lease: An Advance Payment of $1,980.85 plus sales tax of $133.21 = $2,114.06 |

**EQUIPMENT LOCATION**

Address: 24806 Hwy. 159   City: Forest City   State: MO   Zip: 64451   County: Holt

**END OF LEASE OPTIONS:** You will have the following options at the end of the original term, provided the lease has not terminated early and no event of default under the lease has occurred and is continuing.
1. Renew the lease per Paragraph 5.
2. Return the Equipment as provided in Paragraph 5 of this Lease.
3. Purchase the Equipment as provided in Paragraph 5 of this Lease for a Purchase Option Price according to the TRAC Lease Supplement.

**LEASE**

This Schedule incorporates by reference as if written below the terms and conditions of Master Lease Agreement Contract# **3942M** dated **3/8/2011**, (the "Master Lease") except with respect to the above specifics as to Equipment, rent and other agreements and the Additional Terms stated below; provided that the if any of the terms of this Schedule shall conflict with the terms of the Master Lease, the terms of this Schedule shall supersede and control as to the Equipment described herein only. This is a separate lease agreement with respect to the Equipment described herein except to the extent expressly provided in the Master Lease. As used herein, the term "Lease" means this Schedule incorporating the terms of the Master Lease.

**Additional Terms:** Lessee agrees to pay us a documentation fee of $299.00.

LakeShore Farms, Inc.                                       Northland Capital Financial Services, LLC

LESSEE                                                      LESSOR
**SIGN & DATE** X [signature] Jonathan Russell  X 2-6-13   X [signature] Amanda Smith  2/7/13
                 SIGNATURE                     DATE         SIGNATURE    Funding Specialist   DATE
                                                                         TITLE

**ACCEPTANCE CERTIFICATE**

YOU FURTHER HEREBY ACKNOWLEDGE THAT THE EQUIPMENT HAS BEEN RECEIVED IN OPERATING CONDITION AND REPAIR AND HEREBY ACCEPT IT AS SATISFACTORY IN ALL RESPECTS FOR ITS PURPOSE UNDER THIS LEASE.

LakeShore Farms, Inc.

LESSEE
**SIGN & DATE** X [signature] Jonathan Russell  X 2-6-13
                 SIGNATURE                     DATE



## SUPPLEMENT TO LEASE:
## OPTIONS OF LESSEE WITH TRAC

Contract # <u>3942-018</u> between <u>Northland Capital Financial Services, LLC</u>, Lessor, and <u>LakeShore Farms, Inc.</u>, Lessee.

Provided the lease has not terminated early, Lessee shall have the following options at the end of the original lease term:

**Buy:** Purchase the equipment for Fair Market Value not to exceed 10.00% of Lessor's cost of the equipment. This amount is payable in a single sum immediately upon expiration of the lease.

OR

**Return:** Terminal Rental Adjustment Clause (TRAC): Lessor and Lessee hereby agree that at the expiration of the initial term of the Lease according to its original terms (and not early on account of default or otherwise) the Equipment will be sold by the Lessor (or by an agent of Lessor). The proceeds of sale (the "Proceeds") shall be distributed as follows:

1. First, to reimburse Lessor or its agent for the cost of putting the Equipment in a condition to be sold, sales commissions, legal fees, expenses or repossession and all other expenses of sale.

2. Second, the balance to Lessor up to an amount equal to 10.00% of the original cost of the Equipment as an adjustment to rent previously paid by Lessee to Lessor pursuant to the Lease.

3. Third, the balance, if any, to Lessee as an adjustment to rent previously paid by Lessee to Lessor pursuant to the Lease.

<u>In the event the Proceeds are less than the sum of item 1 plus item 2 above, the Lessee shall pay to the Lessor the deficiency as additional rent pursuant to the Lease.</u> Any amount paid to or by the Lessee pursuant to this Addendum shall be the "Terminal Rental Adjustment".

A facsimile signature or copies of signed documents transmitted to us by electronic mail or fax shall be as binding as an original signature for execution of this document.

Lessee hereby certifies that it intends that more than 50% of the use of the Equipment is to be in a trade or business of Lessee and acknowledges that it has been advised that it will not be treated as the owner of the Equipment for federal income tax purposes. **LESSEE INITIALS:** _JLR_  ◁ INITIAL HERE

LESSOR: Northland Capital Financial Services, LLC         LESSEE: LakeShore Farms, Inc.

_CunandmSmith_                                              X _Jonathan Russell_
Signature                                                   Signature  Jonathan Russell

_Funding Specialist_
Title                                                       Title

# Northland Capital
FINANCIAL SERVICES LLC

Master Contract # **3942M**    Contract # **3942-019**

V4.13 Ref#: 55610
LESSOR: Northland Capital Financial Services, LLC
333 33rd Avenue S . St. Cloud, MN 56301
PO Box 7278 . St. Cloud, MN 56302
1-800-471-2122 . Fax: 320-252-2111

## EQUIPMENT LEASE AGREEMENT SCHEDULE - Page 1 of 1

**LESSEE:** (hereinafter referred to as "You" or "Your")

| | | | | |
|---|---|---|---|---|
| FULL LEGAL NAME | LakeShore Farms, Inc. | | | |
| ADDRESS | 24806 Hwy. 159 | CITY Forest City | STATE MO | ZIP 64451 |
| BILL-TO ADDRESS | 24806 Hwy. 159 | CITY Forest City | STATE MO | ZIP 64451 |

| QUANTITY | EQUIPMENT ☐ See attached Schedule "A" for additional equipment, if checked |
|---|---|
| 1 | 2014 Horsch RT-370 Joker with Manual Depth Control. SN: 310037014088 |

**TERM AND PAYMENT SCHEDULE**

4 Annual Payments beginning November 2015:

Rent Payment: **$18,450.00**
(Plus applicable taxes)

You agree to pay at the time you sign the lease:
An Advance Payment of $0.00 plus sales tax of $0.00 = $0.00

### EQUIPMENT LOCATION

Address: 24806 Hwy. 159    City: Forest City    State: MO    Zip: 64451    County: Holt

**END OF LEASE OPTIONS:** You will have the following options at the end of the original term, provided the lease has not terminated early and no event of default under the lease has occurred and is continuing.
1. Renew the lease per Paragraph 5.
2. Return the Equipment as provided in Paragraph 5 of this Lease.
3. Purchase the Equipment as provided in Paragraph 5 of this Lease for a Purchase Option Percentage equal to 10% ($9,500.00) of Lessor's equipment cost.

### LEASE

This Schedule incorporates by reference as if written below the terms and conditions of Master Lease Agreement Contract# **3942M** dated **3/8/2011**, (the "Master Lease") except with respect to the above specifics as to Equipment, rent and other agreements and the Additional Terms stated below; provided that the if any of the terms of this Schedule shall conflict with the terms of the Master Lease, the terms of this Schedule shall supersede and control as to the Equipment described herein only. This is a separate lease agreement with respect to the Equipment described herein except to the extent expressly provided in the Master Lease. As used herein, the term "Lease" means this Schedule incorporating the terms of the Master Lease.

**Additional Terms:** Lessee agrees to pay us a documentation fee of $299.00.

LakeShore Farms, Inc.    Northland Capital Financial Services, LLC
LESSEE    LESSOR

SIGN & DATE:
X /s/ Jonathan Russell    X 11-4-14
SIGNATURE Jonathan Russell    DATE

X /s/ Jessica Johnson    X 11/4/2014
SIGNATURE    DATE
TITLE Funding Specialist

### ACCEPTANCE CERTIFICATE

YOU FURTHER HEREBY ACKNOWLEDGE THAT THE EQUIPMENT HAS BEEN RECEIVED IN OPERATING CONDITION AND REPAIR AND HEREBY ACCEPT IT AS SATISFACTORY IN ALL RESPECTS FOR ITS PURPOSE UNDER THIS LEASE.

LakeShore Farms, Inc.
LESSEE

SIGN & DATE:
X /s/ Jonathan Russell    X 11-4-14
SIGNATURE Jonathan Russell    DATE

# Northland Capital
FINANCIAL SERVICES LLC

**EQUIPMENT LEASE AGREEMENT SCHEDULE** - *Page 1 of 1*

Master Contract # **3942M**     Contract # **3942-020**

V12.15 Ref#: 62746
LESSOR: Northland Capital Financial Services, LLC
333 33rd Avenue S. St. Cloud, MN 56301
PO Box 7278. St. Cloud, MN 56302
1-800-471-2122. Fax: 320-252-2111

**LESSEE:** (hereinafter referred to as "You" or "Your")

| | | | | |
|---|---|---|---|---|
| FULL LEGAL NAME | LakeShore Farms, Inc. | | | |
| ADDRESS | 24806 Hwy. 159 | CITY Forest City | STATE MO | ZIP 64451 |
| BILL-TO ADDRESS | 24806 Hwy. 159 | CITY Forest City | STATE MO | ZIP 64451 |

| QUANTITY | EQUIPMENT ☐ See attached Schedule "A" for additional equipment, if checked | TERM AND PAYMENT SCHEDULE |
|---|---|---|
| 1 | 2014 John Deere 4940 Self Propelled Sprayer SN: 1N04940XCD0028317 with Starfire 3000 Receiver SN: PCGT3TA708386. | 4 Annual Payments Beginning January 2017 |

Rent Payment: **$39,345.56**
(Plus applicable taxes)

You agree to pay at the time you sign the lease:
An Advance Payment of $11,145.56
plus sales tax of $0.00 = $11,145.56

**EQUIPMENT LOCATION**

Address: 24806 Hwy. 159   City: Forest City   State: MO   Zip: 64451   County: Holt

**END OF LEASE OPTIONS:** You will have the following options at the end of the original term, provided the lease has not terminated early and no event of default under the lease has occurred and is continuing.
1. Renew the lease per Paragraph 5.
2. Return the Equipment as provided in Paragraph 5 of this Lease.
3. Purchase the Equipment as provided in Paragraph 5 of this Lease for a Purchase Option Price according to the TRAC Lease Supplement.

**LEASE**

This Schedule incorporates by reference as if written below the terms and conditions of Master Lease Agreement Contract# **3942M** dated **3/8/2011**, (the "Master Lease") except with respect to the above specifics as to Equipment, rent and other agreements and the Additional Terms stated below; provided that the if any of the terms of this Schedule shall conflict with the terms of the Master Lease, the terms of this Schedule shall supersede and control as to the Equipment described herein only. This is a separate lease agreement with respect to the Equipment described herein except to the extent expressly provided in the Master Lease. As used herein, the term "Lease" means this Schedule incorporating the terms of the Master Lease.

**Additional Terms:** Lessee agrees to pay us a documentation fee of $200.00.

LakeShore Farms, Inc.   Northland Capital Financial Services, LLC
LESSEE                   LESSOR

SIGN & DATE   X [signature] Jonathan Lee Russell   x 1-7-16     X [signature]   1-8-16
              SIGNATURE                           DATE          SIGNATURE TITLE          DATE

**ACCEPTANCE CERTIFICATE**
YOU FURTHER HEREBY ACKNOWLEDGE THAT THE EQUIPMENT HAS BEEN RECEIVED IN OPERATING CONDITION AND REPAIR AND HEREBY ACCEPT IT AS SATISFACTORY IN ALL RESPECTS FOR ITS PURPOSE UNDER THIS LEASE.

LakeShore Farms, Inc.
LESSEE

SIGN & DATE   X [signature] Jonathan Lee Russell   x 1-7-16
              SIGNATURE                           DATE

# Northland Capital
FINANCIAL SERVICES LLC

## TRAC LEASE SUPPLEMENT:
## OPTIONS OF LESSEE WITH TRAC

Contract # 3942-020 between Northland Capital Financial Services, LLC, Lessor, and LakeShore Farms, Inc., Lessee.

Provided the Lease has not terminated early, Lessee shall have the following options at the end of the Term:

**Buy:** Purchase the Equipment for a Purchase Option Price not to exceed 30.00% ($66,150.00) of Lessor's Total Cost of the Equipment. This amount is payable in a single sum immediately upon expiration of the Lease.

OR

**Return:** Terminal Rental Adjustment Clause (TRAC): Lessor and Lessee hereby agree that at the expiration of the initial term of the Lease according to its original terms (and not early on account of default or otherwise) the Equipment will be sold by the Lessor (or by an agent of Lessor). The proceeds of sale (the "Proceeds") shall be distributed as follows:

1. First, to reimburse Lessor or its agent for the cost of putting the Equipment in a condition to be sold, sales commissions, legal fees, expenses or repossession and all other expenses of sale.

2. Second, the balance to Lessor up to an amount equal to 30.00% ($66,150.00) of Lessor's Total Cost of the Equipment as an adjustment to rent previously paid by Lessee to Lessor pursuant to the Lease.

3. Third, the balance, if any, to Lessee as an adjustment to rent previously paid by Lessee to Lessor pursuant to the Lease.

In the event the Proceeds are less than the sum of item 1 plus item 2 above, the Lessee shall pay to the Lessor the deficiency as additional rent pursuant to the Lease. Any amount paid to or by the Lessee pursuant to this Addendum shall be the "Terminal Rental Adjustment".

A facsimile signature or copies of signed documents transmitted to us by electronic mail or fax shall be as binding as an original signature for execution of this document.

Lessee hereby certifies that it intends that more than 50% of the use of the Equipment is to be in a trade or business of Lessee and acknowledges that it has been advised that it will not be treated as the owner of the Equipment for federal income tax purposes. **LESSEE INITIALS:** _JLR_  <INITIAL HERE

LESSOR: Northland Capital Financial Services, LLC         LESSEE: LakeShore Farms, Inc.

_Beth Mellon_                                               X _Jonathan Lee Russell_
Signature                                                    Signature    Jonathan Lee Russell

_Operation Manager_
Title                                                        Title

# Northland Capital
FINANCIAL SERVICES LLC

**EQUIPMENT LEASE AGREEMENT SCHEDULE** - *Page 1 of 1*

Master Contract # __3942M__     Contract # __3942-021__

V12.15 Ref#: 62633

LESSOR: Northland Capital Financial Services, LLC
333 33rd Avenue S . St. Cloud, MN 56301
PO Box 7278 . St. Cloud, MN 56302
1-800-471-2122 . Fax: 320-252-2111

LESSEE: (hereinafter referred to as "You" or "Your")

| | | | | | |
|---|---|---|---|---|---|
| FULL LEGAL NAME | LakeShore Farms, Inc. | | | | |
| ADDRESS | 24806 Hwy. 159 | CITY Forest City | STATE MO | ZIP 64451 | |
| BILL-TO ADDRESS | 24806 Hwy. 159 | CITY Forest City | STATE MO | ZIP 64451 | |

**QUANTITY**   **EQUIPMENT**  ☐ See attached Schedule "A" for additional equipment, if checked

| QUANTITY | EQUIPMENT |
|---|---|
| 1 | 2017 Timpte 4228 42'2"x102"x78" Super Hopper Trailer<br>SN: 1TDH42221HB154850 |

**TERM AND PAYMENT SCHEDULE**

5 Annual Payments beginning January 2017

Rent Payment: __$7,449.90__
(Plus applicable taxes)

You agree to pay at the time you sign the lease:
An Advance Payment of $0.00 plus sales tax of $0.00 = $0.00

**EQUIPMENT LOCATION**

Address: 24806 Hwy. 159   City: Forest City   State: MO   Zip: 64451   County: Holt

**END OF LEASE OPTIONS:** You will have the following options at the end of the original term, provided the lease has not terminated early and no event of default under the lease has occurred and is continuing.
1. Renew the lease per Paragraph 5.
2. Return the Equipment as provided in Paragraph 5 of this Lease.
3. Purchase the Equipment as provided in Paragraph 5 of this Lease for a Purchase Option Percentage equal to 10% ($3,896.80) of Lessor's equipment cost.

**LEASE**

This Schedule incorporates by reference as if written below the terms and conditions of Master Lease Agreement Contract# __3942M__ dated __3/8/2011__, (the "Master Lease") except with respect to the above specifics as to Equipment, rent and other agreements and the Additional Terms stated below; provided that the if any of the terms of this Schedule shall conflict with the terms of the Master Lease, the terms of this Schedule shall supersede and control as to the Equipment described herein only. This is a separate lease agreement with respect to the Equipment described herein except to the extent expressly provided in the Master Lease. As used herein, the term "Lease" means this Schedule incorporating the terms of the Master Lease.

Additional Terms:   Lessee agrees to pay us a documentation fee of $0.00.

LakeShore Farms, Inc.                               Northland Capital Financial Services, LLC

**SIGN & DATE**

LESSEE  X [signature]   X 1-19-16
SIGNATURE: Jonathan Lee Russell   DATE

LESSOR  X JoAnn C Koch   · 2/16/2016
SIGNATURE  Funding Specialist   DATE
TITLE

**ACCEPTANCE CERTIFICATE**

YOU FURTHER HEREBY ACKNOWLEDGE THAT THE EQUIPMENT HAS BEEN RECEIVED IN OPERATING CONDITION AND REPAIR AND HEREBY ACCEPT IT AS SATISFACTORY IN ALL RESPECTS FOR ITS PURPOSE UNDER THIS LEASE.

LakeShore Farms, Inc.

**SIGN & DATE**

LESSEE  X [signature]   X 1-19-16
SIGNATURE: Jonathan Lee Russell   DATE

# Northland Capital
FINANCIAL SERVICES LLC

**EQUIPMENT LEASE AGREEMENT SCHEDULE- Page 1 of 1**

Master Contract # **3942M**   Contract # **3942-022**

V12.15 Ref#: 63293
LESSOR: Northland Capital Financial Services, LLC
333 33rd Avenue S . St. Cloud, MN 56301
PO Box 7278 . St. Cloud, MN 56302
1-800-471-2122 . Fax: 320-252-2111

**LESSEE:** (hereinafter referred to as "You" or "Your")

| | | | | |
|---|---|---|---|---|
| FULL LEGAL NAME | LakeShore Farms, Inc. | | | |
| ADDRESS | 24806 Hwy. 159 | CITY Forest City | STATE MO | ZIP 64451 |
| BILL-TO ADDRESS | 24806 Hwy. 159 | CITY Forest City | STATE MO | ZIP 64451 |

| QUANTITY | EQUIPMENT ☐ See attached Schedule "A" for additional equipment, if checked |
|---|---|
| 1 | 2008 John Deere 8430 Tractor  SN: RW8430P030274 |

**TERM AND PAYMENT SCHEDULE**

4 Annual Payments beginning January 2017

Rent Payment: (Plus applicable taxes) **$32,475.67**

You agree to pay at the time you sign the lease:
An Advance Payment of $30,000.00
plus sales tax of $0.00 = $30,000.00

**EQUIPMENT LOCATION**

Address: 24806 Hwy. 159   City: Forest City   State: MO   Zip: 64451   County: Holt

**END OF LEASE OPTIONS:** You will have the following options at the end of the original term, provided the lease has not terminated early and no event of default under the lease has occurred and is continuing.
1. Renew the lease per Paragraph 5.
2. Return the Equipment as provided in Paragraph 5 of this Lease.
3. Purchase the Equipment as provided in Paragraph 5 of this Lease for a Purchase Option Percentage equal to 10% ($15,000.00) of Lessor's equipment cost.

**LEASE**

This Schedule incorporates by reference as if written below the terms and conditions of Master Lease Agreement Contract# 3942M dated 3/8/2011, (the "Master Lease") except with respect to the above specifics as to Equipment, rent and other agreements and the Additional Terms stated below; provided that the if any of the terms of this Schedule shall conflict with the terms of the Master Lease, the terms of this Schedule shall supersede and control as to the Equipment described herein only. This is a separate lease agreement with respect to the Equipment described herein except to the extent expressly provided in the Master Lease. As used herein, the term "Lease" means this Schedule incorporating the terms of the Master Lease.

**Additional Terms:**  Lessee agrees to pay us a documentation fee of $0.00.

LakeShore Farms, Inc.                         Northland Capital Financial Services, LLC

SIGN & DATE  LESSEE  X [signature] Jonathan Lee Russell  X 2-16-16 DATE
         LESSOR  X [signature]  7-22-16 DATE  TITLE

**ACCEPTANCE CERTIFICATE**

YOU FURTHER HEREBY ACKNOWLEDGE THAT THE EQUIPMENT HAS BEEN RECEIVED IN OPERATING CONDITION AND REPAIR AND HEREBY ACCEPT IT AS SATISFACTORY IN ALL RESPECTS FOR ITS PURPOSE UNDER THIS LEASE.

LakeShore Farms, Inc.

SIGN & DATE  LESSEE  X [signature] Jonathan Lee Russell  X 2-16-16 DATE

# Northland Capital
FINANCIAL SERVICES LLC

**EQUIPMENT LEASE AGREEMENT SCHEDULE** - Page 1 of 1

Master Contract # 3942M    Contract # 3942-024

V12.15 Ref#: 66611
LESSOR: Northland Capital Financial Services, LLC
333 33rd Avenue S. St. Cloud, MN 56301
PO Box 7278 . St. Cloud, MN 56302
1-800-471-2122 . Fax: 320-252-2111

LESSEE: (hereinafter referred to as "You" or "Your")

| FULL LEGAL NAME | LakeShore Farms, Inc. | | | | | | |
|---|---|---|---|---|---|---|---|
| ADDRESS | 24806 Hwy. 159 | CITY | Forest City | STATE | MO | ZIP | 64451 |
| BILL-TO ADDRESS | 8600 N. Sycamore Avenue | CITY | Forest City | STATE | MO | ZIP | 64451 |

| QUANTITY | EQUIPMENT ☐ See attached Schedule "A" for additional equipment, if checked | TERM AND PAYMENT SCHEDULE |
|---|---|---|
| 1 | 2017 Timpte 4228 Super Hopper Trailer  SN: 1TDH42229HB156278 | 5 Annual Payments beginning January 2017 |
| | | Rent Payment: $8,867.24 (Plus applicable taxes) |
| | | You agree to pay at the time you sign the lease: An Advance Payment of $0.00 plus sales tax of $0.00 = $0.00 |

**EQUIPMENT LOCATION**

Address: 24806 Hwy. 159    City: Forest City    State: MO    Zip: 64451    County: Holt

**END OF LEASE OPTIONS:** You will have the following options at the end of the original term, provided the lease has not terminated early and no event of default under the lease has occurred and is continuing.
1. Renew the lease per Paragraph 5.
2. Return the Equipment as provided in Paragraph 5 of this Lease.
3. Purchase the Equipment as provided in Paragraph 5 of this Lease for a Purchase Option Percentage equal to 10% of Lessor's equipment cost.

**LEASE**

This Schedule incorporates by reference as if written below the terms and conditions of Master Lease Agreement Contract# 3942M dated 3/28/2016, (the "Master Lease") except with respect to the above specifics as to Equipment, rent and other agreements and the Additional Terms stated below; provided that the if any of the terms of this Schedule shall conflict with the terms of the Master Lease, the terms of this Schedule shall supersede and control as to the Equipment described herein only. This is a separate lease agreement with respect to the Equipment described herein except to the extent expressly provided in the Master Lease. As used herein, the term "Lease" means this Schedule incorporating the terms of the Master Lease.

Additional Terms:   Lessee agrees to pay us a documentation fee of $0.00.

LakeShore Farms, Inc.                                        Northland Capital Financial Services, LLC

**SIGN & DATE**

LESSEE  X [signature]  X 8-18-16
SIGNATURE  Jonathan Lee Russell    DATE

LESSOR  X Karen [signature]    8/23/16
SIGNATURE    Funding Specialist    DATE
            TITLE

**ACCEPTANCE CERTIFICATE**

YOU FURTHER HEREBY ACKNOWLEDGE THAT THE EQUIPMENT HAS BEEN RECEIVED IN OPERATING CONDITION AND REPAIR AND HEREBY ACCEPT IT AS SATISFACTORY IN ALL RESPECTS FOR ITS PURPOSE UNDER THIS LEASE.

LakeShore Farms, Inc.

**SIGN & DATE**

LESSEE  X [signature]  X 8-18-16
SIGNATURE  Jonathan Lee Russell    DATE