IN THE UNITED STATES BANKRUPTCY
COURT FOR THE WESTERN DISTRICT OF
MISSOURI KANSAS CITY DIVISION

IN RE: )
)
LAKESHORE FARMS, INC., ) Case No 18-50077-btf11
) Chapter 11
Debtor. )
)

**APPLICATION TO EMPLOY THE HOOD LAW GROUP
AS SPECIAL COUNSEL TO THE DEBTOR
AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT**

COMES NOW Lakeshore Farms, Inc., the Debtor and Debtor-in-possession herein, by and through counsel, Joanne B. Stutz of Evans & Mullinix, P.A. and, pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014, 2016 and 5002, submits this Application to employ The Hood Law Group, LLC, to represent the Debtor as Special Counsel to pursue a claim against Janet Longenecker/Clark Rhoden Trust and/or Farmers National Company. In support of this Application the Debtor represents the following:

1. On the 28th day of February, 2018 ("**the Petition Date**") Lakeshore Farms, Inc., a Missouri corporation, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

2. The Debtor is a farming operation, owned by Jonathan Russell and formed on January 26, 2001, with its principal place of business located at 24806 Highway 69, Forest City, Missouri 64551.

3. The Debtor scheduled a claim against RSR Ranch and/or Janet Longenecker for excavating work performed by the Debtor in exchange for the Debtor's right to continue to operate under a farm lease on farmlands owned by the Clark Rhoden Trust and managed by Farmers National Company. There may be additional possible claims in connection with the

00789168 5

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
APPLICATION TO EMPLOY THE HOOD LAW GROUP, LLC AS SPECIAL COUNSEL TO THE DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT

Debtor's substantial economic investment made in reliance upon the agreement to continue to lease and continue the Debtor's farming operation on the property. The Debtor has alleged that RSR Ranch and/or Janet Longenecker, and/or Farmers National Company breached the agreement and has refused to pay Debtor for the work, valued at approximately $1,291,245.00.

4. The Debtor has employed the services of Matthew L. Hood, Edwin T. Hood, Paul A. Burnett, and The Hood Law Group, LLC to represent it in collecting the sums due from RSR Ranch and/or Janet Longenecker, and/or Farmers National Company.

5. Matthew L. Hood, Edwin T. Hood, Paul A. Burnett, and The Hood Law Group, LLC have also been hired by Jonathan Russell and GDD Lakeshore Properties LLC to represent them in pursuit of claims which are unrelated to the Debtor.

6. Matthew L. Hood, Edwin T. Hood, and Paul A. Burnett are duly licensed and qualified attorneys and are, in the opinion of the Debtor, qualified to act as its Special Counsel, as they are experienced in the matter for which their counsel is sought and are well-qualified to act as Special Counsel for the Debtor. The Debtor desires that Matthew L. Hood, Edwin T. Hood, and Paul A. Burnett act as its Special Counsel based on their expertise and knowledge of the law related to the Debtor's specific claims.

7. To the best knowledge of the Debtor, Matthew L. Hood, Edwin T. Hood, and Paul A. Burnett are not connected in any manner with the Debtor or with creditors or any other party in interest in this matter. Thus, Matthew L. Hood, Edwin T. Hood, and Paul A. Burnett are disinterested parties as defined in 11 U.S.C. § 101(14), representing no interest

00789168 5

2

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
APPLICATION TO EMPLOY THE HOOD LAW GROUP, LLC AS SPECIAL COUNSEL TO THE DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT

adverse to the Debtor or the Debtor's estate on the matter upon which they are to be engaged and their employment would be in the best interests of the bankruptcy estate.

8. Matthew L. Hood, Edwin T. Hood, and Paul A. Burnett have agreed to act as Special Counsel for the Debtor on the following terms: The fees charged will be at a reduced hourly rate of $100.00. In the event of a successful recovery on the claim, The Hood Law Group, LLC shall be entitled to the greater of their total time billed or a sum equal to 33 1/3/% of the gross recovery, plus expenses, if settled before trial. The percentage increases to 40% of the gross recovery, plus expenses (or total attorney time billed, if greater than 40% of the gross recovery, plus expenses) if trial is commenced and settlement or award at trial occurs.

9. Jonathan Russell and/or GDD Lakeshore Properties, LLC has paid a $10,000.00 retainer. The Hood Law Group, LLC will draw against the retainer for all expenses and fees incurred for any or all of the matters for which it has been retained, and will require that the retainer be replenished when the balance falls below $5,000.00. Jonathan Russell has agreed that he will be solely responsible for replenishing the retainer and all costs incurred. Therefore, other than the fees owed for attorney time expended at the reduced hourly rate plus incurred expenses, or the percentage fee owed in the event of a successful recovery, if greater than the total attorney time billed, the Debtor has no financial obligation to The Hood Law Group, LLC.

10. Matthew Hood, Edwin T. Hood, Paul A. Burnett, and The Hood Law Group, LLC have not represented any creditors of the Debtor in connection with any matters related or adverse to the Debtor. Neither have Matthew Hood, Edwin T. Hood, Paul A. Burnett, and The Hood Law Group, LLC been engaged in any capacity in which

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
APPLICATION TO EMPLOY THE HOOD LAW GROUP, LLC AS SPECIAL COUNSEL TO THE DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT

confidential knowledge of a creditor has been acquired where such knowledge would bear on the Debtor's ability to retain Matthew Hood, Edwin T. Hood, Paul A. Burnett, and The Hood Law Group, LLC as its Special Counsel.

11. Matthew Hood, Edwin T. Hood, Paul A. Burnett, and The Hood Law Group, LLC have affirmed that compensation from the Debtor for the services rendered in connection with the cause of action described above shall be subject to the approval of the Court upon the filing of an application for compensation.

12. Attached to this Application are Matthew Hood, Edwin T. Hood, and Paul A. Burnett's *Affidavits Pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2014 and 2016*.

WHEREFORE, the Debtor respectfully requests this Court's order approving the employment of Matthew Hood, Edwin T. Hood, Paul A. Burnett, and The Hood Law Group, LLC as its Special Counsel on the basis set forth above and for such other and further relief as the Court deems just and equitable.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Joanne B. Stutz*
Joanne B. Stutz, KS #12365; MO #30820
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (Fax)
jstutz@emlawkc.com
*Attorneys for the Debtor*

00789168 5                                                                                                  4

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division In re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
APPLICATION TO EMPLOY THE HOOD LAW GROUP, LLC AS SPECIAL COUNSEL TO THE DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT

## **NOTICE OF TIME TO OBJECT**

This is to certify that a copy of the foregoing Application was electronically filed with the court using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system and forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the creditors listed on the attached mailing matrix.

Any party with an objection is directed to file a response to the motion within twenty-one (21) days of the date of this notice with the Clerk of the United States Bankruptcy Court. Documents can be filed electronically at http://ecf.mowb.uscourts.gov  Information about electronic filing can be found on the Court website www.mow.uscourts.gov  If a response is timely filed, a Notice of Hearing will be provided to all interested parties by the Court.  If no response is filed within twenty-one (21) days, the Court will enter an order allowing the motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2018, a true and correct copy of the foregoing Notice of Time to Object was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

I further certify that on July 6, 2018, a true and correct copy of the foregoing Notice of Time to Object, along with a copy of the Application, were sent via U.S. Mail, first class, postage prepaid and properly addressed to all parties on the attached matrix:

                                        */s/ Joanne B. Stutz*
                                        Joanne B. Stutz

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
n re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
Attorney's Affidavit

# AFFIDAVIT PURSUANT TO
# 11 U.S.C. § 329 AND FED. R. BANKR. P. 2014 AND 2016

STATE OF MISSOURI    )
                                 ) ss:
COUNTY OF JACKSON    )

Matthew L. Hood, being first duly sworn on oath, states as follows:

1. I am currently a principal member of the firm of The Hood Law Group, LLC with offices at 4743 Troost Avenue, Kansas City, MO 64110.

2. As best as I have been able to determine, neither I nor my firm have any financial connection with the Debtor or its estate.

3. As best as I have been able to determine, neither I nor my firm have any agreement or understanding with any other person for division of compensation, except with members (including Of Counsel attorneys) or former members of my firm as permitted by the Bankruptcy Code. Neither have I entered into any agreement which is prohibited by the U.S.C. Title 18, § 155.

4. Except as set forth herein, as best as I have been able to determine, I, my firm and its attorneys are disinterested parties as defined in 11 U.S.C. § 101(14), representing no interest adverse to the Debtor or the Debtor's estate on the matters upon which we are to be engaged and our employment would be in the best interest of the bankruptcy estate.

5. As best as I have been able to determine, neither I nor my firm have any other connection to the Debtor, any party in interest, creditors, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee which would disqualify myself or my firm from representing the Debtor or his estate. I have verified this information through personal conversations and my personal knowledge of my firm and its clients.

6. I and my firm were retained by the Debtor, Jonathan Russell, and GDD Lakeshore Properties, LLC on or about April 19, 2018. The terms of my representation of the Debtor include a reduced hourly rate of $100.00. In the event of a successful recovery on the claim, The

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
n re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
Attorney's Affidavit

Hood Law Group, LLC shall be entitled to the greater of the firm's total time billed or 33 1/3/% of the gross recovery, plus expenses, if settled before trial. The percentage increases to 40% if trial is commenced and settlement or award at trial occurs, or the amount of the firm's total time billed, if greater than 40%.

    7.    Jonathan Russell and/or GDD Lakeshore Properties, LLC have paid the retainer for my services and have agreed that they shall be solely responsible for replenishing the retainer and paying all expenses.

    8.    I understand that I have a continuing duty to disclose any adverse interest and change in my status as a disinterested party.

    9.    I understand that the Court's approval of the Debtor's Application to employ me as its Special Counsel does not constitute approval of the proposed terms of compensation set forth therein and that, pursuant to 11 U.S.C. § 328(a), the Court may allow compensation on terms different from those proposed.

    10.    Based on the foregoing statement, I believe that I and my firm are "disinterested persons" within the meaning of 11 U.S.C. § 101(14) and 327 and that our proposed retention as Special Counsel for the Debtor is not prohibited by Fed. R. Bankr. P. 5002.

    /s/ Matthew L. Hood
    Matthew L. Hood

SUBSCRIBED AND SWORN TO BEFORE ME THIS 28th day of June, 2018.

    /s/ Abbey R. Billings
    Notary Public

My Commission Expires: 10/4/2020
"Seal"

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
n re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
Attorney's Affidavit

# AFFIDAVIT PURSUANT TO
## 11 U.S.C. § 329 AND FED. R. BANKR. P. 2014 AND 2016

STATE OF MISSOURI       )
                        ) ss:
COUNTY OF JACKSON       )

Edwin T. Hood, being first duly sworn on oath, states as follows:

11. I am currently a principal member of the firm of The Hood Law Group, LLC with offices at 4743 Troost Avenue, Kansas City, MO 64110.

12. As best as I have been able to determine, neither I nor my firm have any financial connection with the Debtor or its estate.

13. As best as I have been able to determine, neither I nor my firm have any agreement or understanding with any other person for division of compensation, except with members (including Of Counsel attorneys) or former members of my firm as permitted by the Bankruptcy Code. Neither have I entered into any agreement which is prohibited by the U.S.C. Title 18, § 155.

14. Except as set forth herein, as best as I have been able to determine, I, my firm and its attorneys are disinterested parties as defined in 11 U.S.C. § 101(14), representing no interest adverse to the Debtor or the Debtor's estate on the matters upon which we are to be engaged and our employment would be in the best interest of the bankruptcy estate.

15. As best as I have been able to determine, neither I nor my firm have any other connection to the Debtor, any party in interest, creditors, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee which would disqualify myself or my firm from representing the Debtor or his estate. I have verified this information through personal conversations and my personal knowledge of my firm and its clients.

16. I and my firm were retained by the Debtor, Jonathan Russell, and GDD Lakeshore Properties, LLC on or about April 19, 2018. The terms of my representation of the Debtor include a reduced hourly rate of $100.00. In the event of a successful recovery on the claim, The

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
n re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
Attorney's Affidavit

Hood Law Group, LLC shall be entitled to the greater of the firm's total time billed or 33 1/3/% of the gross recovery, plus expenses, if settled before trial. The percentage increases to 40% if trial is commenced and settlement or award at trial occurs, or the amount of the firm's total time billed, if greater than 40%.

17. Jonathan Russell and/or GDD Lakeshore Properties, LLC have paid the retainer for my services and have agreed that they shall be solely responsible for replenishing the retainer and paying all expenses.

18. I understand that I have a continuing duty to disclose any adverse interest and change in my status as a disinterested party.

19. I understand that the Court's approval of the Debtor's Application to employ me as its Special Counsel does not constitute approval of the proposed terms of compensation set forth therein and that, pursuant to 11 U.S.C. § 328(a), the Court may allow compensation on terms different from those proposed.

20. Based on the foregoing statement, I believe that I and my firm are "disinterested persons" within the meaning of 11 U.S.C. § 101(14) and 327 and that our proposed retention as Special Counsel for the Debtor is not prohibited by Fed. R. Bankr. P. 5002.

/s/ Edwin T. Hood
Edwin T. Hood

SUBSCRIBED AND SWORN TO BEFORE ME THIS 28th day of June, 2018.

/s/ Abbey R. Billings
Notary Public

My Commission Expires: 10/4/2020
"Seal"

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
n re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
Attorney's Affidavit

# AFFIDAVIT PURSUANT TO
## 11 U.S.C. § 329 AND FED. R. BANKR. P. 2014 AND 2016

STATE OF MISSOURI      )
                       ) ss:
COUNTY OF JACKSON      )

Paul A. Burnett, being first duly sworn on oath, states as follows:

21. I am "Of Counsel" to the firm of The Hood Law Group, LLC with offices at 4743 Troost Avenue, Kansas City, MO 64110.

22. As best as I have been able to determine, neither I nor the Hood Law Group, LLC have any financial connection with the Debtor or its estate.

23. As best as I have been able to determine, neither I nor the Hood Law Group, LLC have any agreement or understanding with any other person for division of compensation, except with members (including Of Counsel attorneys) or former members of my firm as permitted by the Bankruptcy Code. Neither have I entered into any agreement which is prohibited by the U.S.C. Title 18, § 155.

24. Except as set forth herein, as best as I have been able to determine, I, the Hood Law Group, LLC and its attorneys are disinterested parties as defined in 11 U.S.C. § 101(14), representing no interest adverse to the Debtor or the Debtor's estate on the matters upon which we are to be engaged and our employment would be in the best interest of the bankruptcy estate.

25. As best as I have been able to determine, neither I nor the Hood Law Group, LLC have any other connection to the Debtor, any party in interest, creditors, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee which would disqualify myself or my firm from representing the Debtor or his estate. I have verified this information through personal conversations and my personal knowledge of my firm and its clients.

26. I and the Hood Law Group, LLC were retained by the Debtor, Jonathan Russell, and GDD Lakeshore Properties, LLC on or about April 19, 2018. The terms of my representation of the Debtor include a reduced hourly rate of $100.00. In the event of a

In the United States Bankruptcy Court
For the Western District of Missouri, Western Division
n re LAKESHORE FARMS, INC.
Case No 18-50077-btf11
Attorney's Affidavit

successful recovery on the claim, The Hood Law Group, LLC shall be entitled to the greater of the firm's total time billed or 33 1/3/% of the gross recovery, plus expenses, if settled before trial. The percentage increases to 40% if trial is commenced and settlement or award at trial occurs, or the amount of the firm's total time billed, if greater than 40%.

27. Jonathan Russell and/or GDD Lakeshore Properties, LLC have paid the retainer for my services and have agreed that they shall be solely responsible for replenishing the retainer and paying all expenses.

28. I understand that I have a continuing duty to disclose any adverse interest and change in my status as a disinterested party.

29. I understand that the Court's approval of the Debtor's Application to employ me as its Special Counsel does not constitute approval of the proposed terms of compensation set forth therein and that, pursuant to 11 U.S.C. § 328(a), the Court may allow compensation on terms different from those proposed.

30. Based on the foregoing statement, I believe that I and my firm are "disinterested persons" within the meaning of 11 U.S.C. § 101(14) and 327 and that our proposed retention as Special Counsel for the Debtor is not prohibited by Fed. R. Bankr. P. 5002.

/s/ Paul A. Burnett
Paul A. Burnett

SUBSCRIBED AND SWORN TO BEFORE ME THIS 29th day of June, 2018.

/s/Michael Graff
Notary Public

My Commission Expires: 6/16/2019
"Seal"