**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **In re:** | |
| **Lakeshore Farms, Inc.,** | Case #18-50077 |
| | Chapter 11 |
| **Debtor.** | |

**APPLICATION FOR AUTHORITY TO EMPLOY RONALD S. WEISS,
JOEL PELOFSKY AND THE LAW FIRM OF
BERMAN, DeLEVE, KUCHAN & CHAPMAN, LLC,
AS ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

**COMES NOW** Lakeshore Farms, Inc., Debtor and Debtor-in-Possession, and submits its Application for Authority to Employ Ronald S. Weiss, Joel Pelofsky, and the Firm of Berman, DeLeve, Kuchan & Chapman, LLC, as Attorneys for the Debtor and Debtor-in-Possession (the "Application") pursuant to 11 *U.S.C. § 327, Fed.R.Bkrtry.P. 2014, 2016 and 5002*. In support of their Application, Debtor respectfully states:

1. On February 28, 2018 (the "Petition Date") the Debtor filed its Voluntary Petition for Relief under Chapter 11 of the *United States Bankruptcy Code*. The Debtor continues manage its business as Debtor-in-Possession pursuant to *§§ 1107(a) and 1108* of the *Bankruptcy Code.*

2. Debtor maintains its operating headquarters in Holt County, Missouri.

3. The Debtor has been represented by the firm of Evans & Mullinix, P.A. for pre-petition services and has been the attorney of record and they have now proposed to withdraw as counsel for the Debtor and Debtor in Possession.

4. Debtor has determined that it is necessary to employ counsel and desires to employ Ronald S. Weiss, Joel Pelofsky, and the firm of Berman, DeLeve, Kuchan & Chapman, LLC (BDKC) as new attorneys for the Debtor.

5. Ronald S. Weiss and the other attorneys with the firm of BDKC are duly licensed and qualified attorneys, and in the opinion of the Debtor are well qualified to act as attorneys for the Debtor in this proceeding.

6. The Debtor has selected the aforementioned attorneys based on their experience in bankruptcy and related areas of commercial law. Mr. Weiss, Mr. Pelofsky, and BDKC have become familiar with the operations of the Debtor's business and the Debtor believes that said attorneys are well qualified to represent the Debtor in this bankruptcy reorganization case.

7. Mr. Weiss, Mr. Pelofsky, and BDKC have advised applicant in connection with the prosecution of this case. Said counsel is familiar with the legal and financial issues and problems facing the Debtor.

8. Debtor desires to employ said attorneys under general retainer to render all legal services which they may require as Debtor or Debtor-in-Possession in this proceeding, including, without limitation, the following:

(a) Advising the Debtor with respect to their rights and obligations as Debtor and Debtor-in-Possession and regarding compliance with the Bankruptcy Code.

(b) Preparation and filing of any and all petitions, schedules, statement of affairs, motions, applications, plan of reorganization and any and all other pleadings and documents which may be required in this proceeding;

(c) Representation of the Debtor at the meeting of creditors, confirmation, and related hearings and any continued or adjourned hearings thereof;

(d) Solicitation of consents to the Debtor's proposed plan of reorganization; disclosures and communications with creditors relating thereto; and securing confirmation of said plan.

(e) Representation of the Debtor with respect to any matters that may arise in connection with the Debtor's reorganization proceeding and the conduct and operation of the Debtor's business; and

(f) Examination of claims of creditors in order to determine their validity, priority, and amount; giving advice and counsel to the applicants in connection with legal

      problems, including securing Debtor-in-Possession financing, the use of cash collateral, the sale of property of the estate, the assumption and/or rejection of unexpired leases and executory contracts, and the protection of applicant's interests with respect to any contested or adversary matters.

Such services will concern the rights and remedies of applicant with regard to the assets of the estate, the secured, priority or unsecured claims which may be asserted in this case, and the development and confirmation of a Chapter 11 reorganization plan.

      9.     To the best of the Debtor's knowledge, Ronald S. Weiss, Joel Pelofsky, and BDKC do not represent or hold any interest adverse to this estate, and are disinterested for the purpose of representing the Debtor in this Chapter 11 proceeding.

      10.    Applicant proposes, upon the granting of this application, to employ said attorneys as its bankruptcy counsel under a general retainer. Said attorneys have agreed to accept such amount as compensation for their services as may be warded therefore by this Court. No compensation has been or will be paid post-petition by the Debtor to said counsel except upon proper application to and approval by the Bankruptcy Court. Said attorneys have agreed to represent the Debtor on the basis of customary hourly rates and reimbursement for necessary and reasonable out-of-pocket expenses. The hourly rate currently charged by Ronald S. Weiss and Joel Pelofsky for the kind of services to be rendered to applicants is $300.00 per hour, who are anticipated to work on this case, and the customary charges for paralegal personnel are $100.00 per hour, and $50.00 per hour for document maintenance personnel. These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and to reflect the increased experience and expertise of those rendering services in this area of the law. The attorneys will make periodic applications for interim compensation, and will make a final application for compensation when for interim compensation, and will make a final application for compensation when the services to be rendered pursuant to this engagement have been

concluded.

11. To the best of applicant's knowledge, said attorneys have not represented any creditors of the Debtor in connection with the matters related or adverse to the Debtor.

12. To the best of applicant's knowledge, said attorneys have no connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

13. The Affidavit of disinterestedness of Ronald S. Weiss has been filed contemporaneously with and in support of this Application.

14. Compensation for the services of said attorneys to be rendered in this proceeding will be subject to the ultimate allowance and approval of this Court both as to timing and amount of payment.

15. *Section 331* of the *Bankruptcy Code* provides that professionals of the estate may apply to the Court for interim compensation "not more than once every 120 days … or more often if the court permits…." Applicants request that the Court approve the below-described monthly compensation procedure pursuant to *§ 331*; that the complexity of this proceeding will require Ronald S. Weiss and BDKC to devote significant time and resources in representation of the Debtor; and as a result applicants believe that Ronald S. Weiss, Joel Pelofsky, and BDKC should be allowed compensation on a monthly basis in order to avoid the creation of an undue burden on BDKC caused by the 120-day application procedure set forth in *§ 331*.

16. Applicants request that BDKC be entitled to compensation of 80% of all fees for legal services rendered and 100% of all charges for actual and necessary out-of-pocket expenses incurred by BDKC on a monthly basis; that

    (a)    notice of the request for the above compensation procedure be given to all creditors and interested parties giving parties 21 days to object to the

proposed compensation procedure;

(b) that any order allowing the requested compensation procedure contain the following conditions: The Professional Person shall submit monthly an itemized fee statement to the U.S. Trustee, creditors claiming liens on Debtor's cash collateral, any committees appointed under 11 U.S.C. § 1102, and such other interested parties who request receipt of the monthly fee statements (the "Notice Parties"), and the Notice Parties shall have ten days after receipt of the monthly itemized statements in which to review same and advise the Professional Person of any objections;

(c) any items in a statement objected to by a Notice Party will not be paid and will be reserved for review by the Court when an interim or final fee application is filed pursuant to 11 U.S.C. § 330, unless the parties resolve any disputes before the filing of the application;

(d) Failure to object to a monthly statement is not a waiver of the right of any party to object to an interim or final fee application filed pursuant to *11U.S.C. § 330;*

(e) The Professional Person's fees shall not be paid unless:

(i) Debtor has timely filed with the Court and submitted to the U.S. Trustee all required operating reports;

(ii) Debtor is current in payment of post-petition taxes and the fees and costs assessed under *28 U.S.C. § 1930*; and

(iii) Debtor either is current in payment of post-petition creditors or has the financial capacity to make such payments.

17. As an initial matter, BDKC shall file with the Court an itemized statement of attorneys' fees and expenses incurred in the representation of applicant through the end of the billing cycle of the law firm for the month in which this Motion is approved, and thereafter BDKC shall file such itemized statements on a monthly basis. Contemporaneously with its filing, BDKC shall serve by mail a copy of said itemized statements to the Office of the United States Trustee and all parties requesting to be provided with a copy of the same.

18. BDKC shall compile itemized statements into interim fee applications which shall be filed with the Court for review and approval on a periodic basis in accordance with *11 U.S.C.*

5

*§ 331*. The unfunded 20% of all fees for legal services rendered by BDKC shall not be paid unless and until the entry of an order of this Court allowing such interim fee applications for BDKC.

**WHEREFORE**, Debtor respectfully requests the Court enter an order authorizing the Debtor to employ Ronald S. Weiss, Joel Pelofsky, and the law firm of Berman, DeLeve, Kuchan & Chapman, LLC, as attorneys for the Debtor under general retainer, and for such other and further relief as the Court deems appropriate in the circumstances.

Lakeshore Farms, Inc.

**By** */s/ Jonathan L. Russell*
President

Respectfully submitted,

**BERMAN, DeLEVE, KUCHAN & CHAPMAN, LLC**

**By***: /s/ Ronald S. Weiss*
Ronald S. Weiss    MO #21215
Joel Pelofsky    MO #17929
1100 Main, Suite 2850
Kansas City, Missouri 64105
(816) 471-5900 Phone / (816) 842-9955 Fax
Email:  rweiss@bdkc.com
Email:  jpelofsky@bdkc.com
**ATTORNEYS FOR DEBTOR**

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that on November 20, 2018, the foregoing Application for Authority to Employ Ronald S. Weiss, Joel Pelofsky, and the Law Firm of Berman, DeLeve, Kuchan & Chapman, LLC, as Attorneys for the Debtor and Debtor-in-Possession, was filed with the Court under its ECF System and was served on said date by mailing a copy thereof by United States Mail, postage prepaid, directed to all creditors and parties in interest identified in the matrix on file in these proceedings not receiving electronic notice.

**/s/ Ronald S. Weiss**
Ronald S. Weiss, MO #21215
Attorney for Debtor